Sheehan & Associates, P.C.
Spencer Sheehan
60 Cuttermill Rd Ste 409
Great Neck NY 11021-5101
Telephone: (516) 268-7080
spencer@spencersheehan.com

James Chung, Esq.
Telephone: (718) 461-8808
jchung_77@msn.com

United States District Court
Southern District of New York

7:20-cv-09146

Michael Zachmann, individually and on behalf of all others similarly situated,

Plaintiff,

- against -

The Coleman Company Inc.,

Defendant

Class Action Complaint

Plaintiff MICHAEL ZACHMANN ("Plaintiff" herein), individually and on behalf of all similarly situated, bring this Class Action Complaint against COLEMAN COMPANY INC. ("Coleman" or "Defendant" herein), and on the basis of personal knowledge, information and belief, and investigation of counsels, allege as follows:

## <u>NATURE OF THE ACTION</u>

1.     This is a consumer class action on behalf of consumers seeking remedy for Defendant's deceptive business practice in marketing, advertising and promotion of a line of ice coolers labeled "1 Day" through "7 Days" (the "Products" herein).   The Products are sold in numerous colors and sizes.   Defendant has engaged in, and continues to engage in, deceptive and misleading business practices in marketing and sale of the Products that has caused injury to Plaintiff and the putative class.

2.        Defendant sold to Plaintiff and class members, and continues to sell to consumers the Products.   Defendant creates misleading claims to represent their Products.

3.        Defendant has led Plaintiff and reasonable consumers to believe that the Products will retain ice for a certain period of time.   In so doing, Defendant falsely represented that the Product will retain ice for the aforementioned period of time during normal use.

4.        Plaintiff and the members of the class reviewed Defendant's misleading labeling, reasonably relied on the label on the Product, and were deceived into purchasing the Product.

5.        Defendant's actions violate various New York consumer protection laws and similar deceptive and unfair trade practice laws in other states and the District of Columbia. Defendant violated statutes enacted in each of the fifty states and the District of Columbia which are designed to protect consumers against unfair, deceptive, fraudulent and unconscionable trade and business practices and false advertising.

## JURISDICTION AND VENUE

6.        This Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(d)(2) (Class Action Fairness Act of 2005 or "CAFA").   The aggregate claims of all members of the proposed class and subclasses are in excess of $5 million, exclusive of interest and costs, and there are more than 100 putative class members, Plaintiff, as well as members of the proposed class, are citizens of a state different from Defendant.

7.        Pursuant to 28 U.S.C. § 1391, this Court is the proper venue for this action because a substantial part of the events, omission, and acts giving rise to the claim occurred in this District where Defendant distributed, marketed, advertised, and sold the various ice cooler products at issue throughout New York.

8.        Pursuant to 28 U.S.C. § 1391(b)(2), this Court is the proper venue because Plaintiff

and a substantial portion of putative class members are residents of this District and a substantial part of the acts and omissions that gave rise to this Complaint occurred or emanated from this District.

9.      This Court has personal jurisdiction over Defendant because it is authorized to do business and does business in New York, has marketed, advertised and made sales in New York, and has sufficient minimum contacts with this state and/or sufficiently avails itself of the markets of this state through its promotion, sales, and marketing within this state to render the exercise of jurisdiction by this Court permissible.

## PARTIES

10.      Plaintiff is a citizen of the State of New York and resides in Dutchess County. Plaintiff was exposed to Defendant's "5 Day Ice" claim by reading the labeling on the ice cooler prior to purchase.

11.      Plaintiff purchased the Product with "5 Day Ice" claim at the Walmart Store in 164 Danbury Rd, New Milford, CT 06776 within the past two years.

12.      Plaintiff purchased the product for personal use in reliance of the labeling.   As a result of the representation made by Defendant, Plaintiff expected the product to perform as described.   The product did not perform as represented on the labeling.   Therefore, Plaintiff suffered injury-in-fact.

13.      Had Plaintiff known the truth about the misrepresentations and omissions, he would not have purchased the Product.   Instead, he may have purchased a competing product that is less expensive.   Plaintiff cannot rely on the truthfulness of the Product in the future unless Defendant makes corrective changes.   Plaintiff may consider future purchase if Defendant engages in corrective labeling and advertising.

3

14.     Defendant THE COLEMAN COMPANY INC., is a corporation organized under the laws of Delaware with principal place of business at 3600 North Hydraulic, Wichita, KS 67219.

15.     Defendant manufactured, packaged, distributed, advertised, promoted and sold the products to millions of consumers nationwide.

16.     Defendant manufactures, markets and sells ice coolers under "Coleman" brand name throughout the United States.   The advertisement for the Product that was relied upon by Plaintiff was prepared and approved by Defendant and was disseminated by Defendant and its agents through misrepresented product labelling alleged herein.

17.     The labelling and advertising were designed to encourage consumers to purchase the Products and misled the reasonable consumer into purchasing the Products.   Defendant distributes the Products and created and/or authorized the unlawful, fraudulent, misleading, deceptive labeling and advertising for the Products.

## FACTUAL ALLEGATIONS

18.     Defendant manufactures various models of ice coolers and sells the Products throughout the United States through a network of brick and mortar and online stores.   These stores include, but are not limited to, Walmart, K Mart, Target, Costco, Amazon and eBay.   The price range of the Products are between $ 20 and $200, excluding tax.

19.     Defendant sells a line of ice coolers with a claim of 1 to 7 day "ice retention." Some Products contain disclaimer such as "Ice Storage at 90 degrees Fahrenheit."   However, most do not contain the disclaimer.   The disclaimer, when present, is in lighter color and very small font to prevent buyers from noticing it.   A sampling of Defendant's Products and labelling are illustrated below:







Coleman 50-Quart Cooler with "5 Day Ice" sold at Walmart.



20.     The definition of "ice retention" varies among different groups.   The scientific

definition of ice is "solid state of water," or "water that maintains a temperature of 32 degrees

Fahrenheit."    A dictionary definition of "retain" is to "keep in possession or able to hold" certain

characteristic for a specified period of time.    Under this definition, any amount of ice left in an

ice cooler should remain in solid state of matter.    Once any part of the original ice has melted, it

failed to "retain" the characteristics.

21.     The consumers' definition of "ice retention" is when the original ice is fully non-functional and loses most of the ability to keep items chilled.

22.     Defendant's definition of "ice retention" seems to be the amount of days it takes most or all of the ice to be melted into liquid starting from the ice filled to full capacity.

23.     Defendant clearly and conspicuously has conveyed the message to consumers that the Product retains the ice for 1 to 7 days.

24.     Plaintiff purchased the Product believing that the Defendant's claims regarding the quality and technology of the Products are truthful and accurate.   Defendant's misleading statement is labeled directly on the Product.   On some ice coolers, the representation appears more than once (see 2nd ice cooler above).   Defendant's deceptive product description and claim sends a false message to a reasonable consumer that the Product will retain ice for the promised period of time.

25.     In contrast, the high-ended and highly regarded Yeti cooler which sells for about $ 350 does not make such claims.

26.     Yeti allows the quality of the product to convey the message for itself as shown below:



**PERMAFROST™ INSULATION**
Pressure-injected commercial-grade polyurethane foam in the walls and lid makes sure your ice stays ice.

27.      The consumers exposed to Defendant's claim, not only expect the ice cooler to retain ice for some period of time, they expect the food and beverage items to be chilled for the

same period.      However, Defendant's claims are false.

28.      Defendant has known about their false claim for many years.     Numerous complaints have been lodged against Defendant directly and through other forums.     Below are some complaints that were lodged by the consumers at Wlamart.com.

May 1, 2020   | **Verified purchase**

I am very disappointed in this cooler! It's manufacturer claims it keeps items cold for 5 days, so not true! With 2 bags of ice it only kept ice and items cold for 3/4 of a day! That is the only part I do not like about it! I will return this item back to where I bought it.

vickie

★ ☆ ☆ ☆ ☆   **waste of money**

June 19, 2020

Was reading reviews and thought I would give this cooler a chance with it saying 5 days of holding ice. .it does not last even through a night. Do not buy this cooler unless u like going to the store and buying ice every day! Big Mistake!

★ ☆ ☆ ☆ ☆   **Ice melts in hours not days**

August 17, 2020   | **Verified purchase**

Very disappointed in this cooler. Its advertised to keep ice for 5 days. I'm not sure we've even made it through the day without complete melting. And the weather where I live isn't the hottest of the hot (we hit mid 80s 2 or 3 weeks in the summer on a normal year).

29.      The complaints were answered by Defendant with a general apology and an offer to investigate as shown below:

**Coleman**   Comment from The Coleman Company - 08/17/2020

We want to sincerely apologize for your negative experience. However, we'd like to learn more about your situation and what exactly happened. We want to make things right. So, please give us a call at 1-800-835-3278, Monday - Friday from 9:00 am - 5:00 pm CST. You can also email us through https://www.coleman.com/contactus/ and we will get back to you promptly. We look forward to hearing from you.

**Coleman**  Comment from The Coleman Company - 05/05/2020

We want to extend our sincerest apologies concerning the issue that you have faced on our Cooler. We pride ourselves on maintaining the highest quality standards for our customers.If you give us a chance, we are intent on making this right and hope you will allow us to speak with you to discuss the situation.Please contact our Consumer Care hotline at 1-800-835-3278. For your convenience, we are available from Monday to Friday from 8:00 am to 5:00 pm CST. We would love to hear more about this concern.

30.     As illustrated, numerous consumers complain of Defendant's misrepresentation of the ice retention claim.   None of the reviews on that particular website support Defendant's ice retention claim.

31.     Even, *arguendo*, Defendant's convoluted and self-serving definition of "ice retention" is utilized, the Product fails to retain the ice for given period of time.

32.     As a matter of fact, numerous YouTube posters performed "5 Day Ice Challenge" to assess credibility of the claims.

33.     An experiment was performed with ice filled to the brim in 50-quart Coleman cooler.

34.     After 96 hours (4 days), the Coleman cooler had no ice and the melted water temperature measured 58 degrees Fahrenheit.[1]

35.     Yet in another experiment, Coleman's high end "Marine Cooler" did not fare much better.

36.     All the ice was fully melted after 96 hours.   All the ice had turned into water by the 4th day.[2]

37.     Coleman cooler did not fare any better on another experiment.   The cooler was filled with 60 – 70 % ice.

38.     After 4 days, all the ice had melted into water.   Numerous other "Ice Challenges"

---

[1]  https://www.youtube.com/watch?v=ffWIxcKuug0 – result available at 18:55 minute mark.
[2]  https://www.youtube.com/watch?v=K3l47v7fw3s – result available at 5:20 minute mark.

confirm failure of Defendant's claim.

39.     The experiments demonstrate that Defendant's ice cooler cannot deliver on its claim.   Defendant's "5 Day" ice retention cooler cannot withstand its own definition.

40.     Under the circumstances, the Product falls far short of reasonable consumer's expectations.

41.     Based on Defendant's claim, a reasonable consumer would expect the ice to be functional for claimed number of days and not turn into water.

42.     The ice will never be functional for claimed period of time in Defendant's ice cooler under normal use.   If the food and beverage items were left in the cooler with ice for five days, the items will be submerged in water.

43.     Therefore, Defendant's claims are false, materially misleading, and reasonably likely to deceive the public at large.

44.     As a result of Defendant's deceptive claims, Plaintiff and the putative class have purchased the Products that do not perform as advertised.   They were deprived of the benefit of the bargain and suffered monetary loss.

45.     Plaintiff and the putative class have been and will continue to be deceived by Defendant's false claims.

46.     Based on the claims purported in the labelling, Defendant is able to price the Product at a premium over other products sold by their competitors.

47.     Defendant has reaped huge profits from false, misleading and deceptive marketing and sale of the Products.

48.     Plaintiff brings this action to prevent the dissemination of false, misleading and deceptive advertising and obtain redress for those who have purchased the Products.

10

## CLASS ACTION ALLEGATIONS

49.     Plaintiff brings this action pursuant to Federal Rule of Civil Procedure 23(a), 23(b)(2) and/or 23(b)(3) ("the Class").

50.     The proposed class consists of: All persons who purchased one or more Defendant's "1 Day" to "7 Day" cooler in the United States and its territories or possessions sold by Defendant.

51.     Plaintiff also brings this suit on behalf of sub-classes consisting of purchasers of the Products in New York during the proposed class period.

52.     The members of the class are so numerous that joinder is impracticable.

53.     Plaintiff's claims are typical of the claims of the entire class.

54.     Plaintiff will fairly and adequately represent and protect the interests of the other class members for purposes of Federal Rule of Civil Procedure 23(a)(4).

55.     Plaintiff has no interests antagonistic to those of other class members.

56.     Plaintiff is committed to the vigorous prosecution of this action and has retained counsel experienced in class action litigation.

57.     Class certification is appropriate under Federal Rule of Civil Procedure 23(b)(3) because common questions of law and fact exist as to all members of the class and predominate over any questions affecting only individual members of the class, including, but not limited to:

   a.Whether Defendant's advertising and labelling is false, deceptive, fraudulent and misleading;

   b.Whether the Products can retain ice for the claimed period of time under normal use or the Product can retain ice for the claimed period of time under the scientific

definition or the Products can retain ice for a claimed period of time under Defendant's definition of "ice retention.";

c. Whether the defects in the product constitute material facts that reasonable purchasers would have considered in deciding whether to purchase them;

d. Whether Defendant had breached warranties made to consumers regarding the Products;

e. Whether Defendant's marketing, promotion, advertising, labelling and sale of the Products is and was a deceptive act or practice in the conduct of business at consumers, in violation of the New York General Business Law §§ 349 & 350 for the New York Subclass;

f. Whether Defendant's marketing, promotion, advertising, labelling and sale of the Products is and was a deceptive act or practice in the conduct of business directed at consumers, in violation of consumer protection laws in all other jurisdictions;

g. Whether Plaintiffs and members of the Class sustained injuries or damages as a result of Defendant's false advertising of the Product;

h. Whether Defendant's conduct constitutes unjust enrichment, and whether equity calls for disgorgement of unjustly obtained funds, restitution to, or other remedies for the benefit of the Class;

i. Whether Plaintiffs and members of the Class are entitled to equitable relief and prospective injunctive relief enjoining Defendant from continuing to engage in the fraudulent, deceitful, unlawful and unfair common scheme as alleged in this Complaint; and

j.Whether Defendant's conduct rises to the level of reprehensibility under applicable law such that the imposition of punitive damages is necessary and appropriate to fulfill the societal interest in punishment and deterrence, and the amount of such damages and/or the multiplier to the actual or potential harm to the Class.

58.     Class certification under Federal Rule of Civil Procedure 23(b)(3) is superior to other available methods for the fair and efficient adjudication of this controversy.

59.     Since the damages suffered by individual class members may be relatively small, the expense and burden of individual litigation make it virtually impossible for the class members to seek redress for the wrongful conduct alleged.

60.     Plaintiff knows of no difficulty which will be encountered in the management of this litigation which would preclude its maintenance as a class action.

61.     Class members have suffered and will suffer irreparable harm and damages as a result of Defendant's wrongful conduct.

## CAUSES OF ACTION

### COUNT I

### VIOLATIONS OF NEW YORK GENERAL BUSINESS LAW §§ 349 & 350

### (DECEPTIVE AND UNFAIR TRADE PRACTICES ACT)-New York Subclass

62.     Plaintiff incorporates by reference all preceding paragraphs.

63.     Plaintiff brings this claim on behalf of himself and the other members of the Class for violations of New York's Deceptive Acts or Practices Law, Gen. Bus. Law §§ 349 & 350.

64.     Defendant's business acts and practices and/or omissions alleged herein constitute deceptive acts or practices under NY GBL §§ 349 & 350 which were enacted to protect the consuming public from those who engage in unconscionable, deceptive or unfair acts or practices

in the conduct of any business, trade or commerce including advertising.

65.     NY GBL § 349 provides that deceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service in this state are unlawful.   NY GBL § 350 prohibit false advertising.   Section 350 prohibits "[f]alse advertising in the conduct of any business, trade or commerce or in the furnishing of any service in [the State of New York]." New York GBL section 350-a defines "false advertising" as "advertising, including labeling, of a commodity, or of the kind, character, terms or conditions of any employment opportunity if such advertising is misleading in a material respect."

66.     The practices of Defendant described throughout this Complaint were specifically directed to consumers.

67.     Defendant's conduct is malicious, willful, wanton and outrageous such as to shock the conscience of the public and warrant imposition of punitive damages.

68.     Defendant's actions impact the public at large because Plaintiff and members of the Class were injured in exactly the same way as thousands of others purchasing the Products as a result of Defendant's deceptive conduct.

69.     By committing the acts alleged in this Complaint, Defendant has misled Plaintiff and the Class into purchasing the Products, in part or in whole, due to an erroneous belief that the Products have qualities that it does not have and will keep ice for claimed period of time. This is a deceptive business practice that violates NY GBL §§ 349 & 350.

70. The practices employed by Defendant, namely Defendant's advertisement, promotion, and marketing materials that claim the Products to retain ice for "1 Day" to "7 Day" are unfair, deceptive, and misleading and are in violation of NY GBL §§ 349 & 350.

71.     Defendant's claims misled Plaintiff and are likely in the future to mislead

reasonable consumers. Had Plaintiff and members of the Class known of the true facts about the Products' failure to work as promised, they would not have purchased the Products and/or paid substantially less for competing product.

72.     Defendant's violations proximately caused Plaintiff and other members of the Classes to suffer actual damages in the form of, inter alia, monies spent to purchase the Products, and are entitled to recover such damages, together with equitable and declaratory relief, appropriate damages, including punitive damages, attorneys' fees and costs.

## COUNT II
## BREACH OF EXPRESS WARRANTY

73.     Plaintiff incorporates by reference all preceding paragraphs.

74.     Defendant is, and at all times relevant was, a merchant and sold goods to Plaintiff.

75.     Defendant made an affirmation of fact and promise about the quality of the goods and made the following warranty statement:[3]

> **Your product must be under warranty in order to obtain warranty service.**
> Coleman® products have a limited warranty from the date of original retail purchase that the product will be free from defects in material and workmanship. The length of the limited warranty may vary by product. The warranty is valid for the original retail purchaser from the date of initial retail purchase and is not transferable.

76.     Defendant expressly extended the warranty to the original retailer purchaser and warranted the product to be as follows:

a. in good quality;

b. generally fit for its intended purpose;

---

[3]                                                              https://www.coleman.com/warranty-information#:~:text=The%20warranty%20included%20with%20your,product%20to%20Coleman%20without%20authorization

c. merchantable; and

d. free from defect.

77.     Plaintiff relied upon Defendant's expressed warranties regarding its specialized knowledge, expertise, experience, skills, and judgment to properly perform its duties in a manner that would not present an unreasonable risk of harm or place an undue burden upon Plaintiff.

78.     By selling the Products that did not perform as promised, to consumers like Plaintiff and the Class, after it gained knowledge of the defects, Defendant breached its expressed warranty to provide goods that were free from defects.

79.     The product, as sold, did not conform to the express warranties.

80.     At the time Defendant warranted and sold the goods, it knew that the goods did not conform to the warranties and were inherently defective, and Defendant wrongfully and fraudulently misrepresented and concealed materials facts regarding its goods.

81.     Defendant was provided with notice, and has been on notice, of the defects and of its breach of express written warranties through hundreds or thousands of consumer warranty claims and customer complaints.

82.     Yet, Defendant failed to repair the defective packaging to ensure they were free of material defects or component malfunctions as Defendant promised.

83.     As a direct and proximate result of Defendant's breach of its express warranties, Plaintiffs suffered damages in an amount to be determined at trial.

**COUNT III**

**NEGLIGENT MISREPRESENTATION**

84.     Plaintiff incorporates by reference all preceding paragraphs.

85.     Defendant, directly or through their agents and employees, made false

representations, concealments, and omissions to Plaintiffs and members of the Class.

86.     Defendant has failed to fulfill their duties to disclose the material facts in making the representations to Plaintiff and members of the Class.

87.     The direct and proximate cause of this failure to disclose was Defendant's negligence and carelessness.

88.     Defendant knew or reasonably should have known that the representations were not true. Defendant made and intended the misrepresentations to induce the reliance of Plaintiff and members of the Class.

89.     Plaintiff and members of the Class would have acted differently had they not been misled. They would not have paid money, paid less money or purchased an alternative product.

90.     Defendant has an obligation to correct the misinformation that was disseminated through their advertising of the Products. By not informing Plaintiffs and members of the Class, Defendant breached their duty. Defendant also profited financially as a result of this breach.

91.     Plaintiff and members of the Class relied upon these false representations and omissions by Defendant when purchasing the Products, upon which reliance was justified and reasonably foreseeable.

92.     Plaintiff and members of the Class have suffered and continue to suffer economic losses and other general and specific damages, including but not limited to the amounts paid for Products, and any interest that would have been accrued on all those monies, the specific amount to be determined at trial.

93.     Defendant acted with intent to defraud, or with reckless or negligent disregard of the rights of Plaintiff and members of the Class.

94.     Plaintiffs and members of the Class are entitled to punitive damages.

17

## COUNT IV

## FRAUD

95.     Plaintiff incorporates by reference all preceding paragraphs.

96.     Defendant intentionally made materially false and misleading representations regarding the Products.

97.     Plaintiff and members of the Class were induced by, and relied on, Defendant's false and misleading packaging, representations and omissions and did not know at the time that they were purchasing the Products that did not perform as claimed.

98.     Defendant knew or should have known of their false and misleading labeling, packaging and misrepresentations and omissions.   Nevertheless, Defendant continued to promote and market the products in a deceptive and misleading manner to induce customers to purchase the Product.

99.     As a proximate result of Defendant's conduct, Plaintiff and members of the Class suffered damages in an amount to be determined at trial.

## COUNT V

## UNJUST ENRICHMENT

100.     Plaintiff incorporates by reference all preceding paragraphs.

101.     Defendant received proceeds from their sale of the goods, which were purchased by Plaintiff and the Class for an amount far greater than the reasonable value because the Product did not work as promised.

102.     Plaintiff and the Class reasonably believed that the Defendant's goods would function as advertised and warranted, and did not now, nor could have known, that the Product would not perform as promised at the time of purchase.

103.     Defendant knows of and appreciates the benefit conferred by Plaintiff and the Class and has retained the benefit notwithstanding their knowledge that the benefit is unjust.

104.     It is against equity and good conscience to permit Defendant to retain the ill-gotten benefits received from Plaintiffs and the Class given that products were not what Defendant purported them to be.

105.     It would be unjust and inequitable for Defendant to retain the benefit, warranting disgorgement to Plaintiff and the Class of all monies paid for the products, and/or all monies paid for which Plaintiffs and the Class did not receive benefit.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, individually and on behalf of all members of the Class, pray for judgment as follows:

A.  Certifying the proposed Class as requested herein;

B.  Declaring that Defendant is financially responsible for notifying the Class members of the pendency of this suit;

C.  Declaring that Defendant has committed the violations of law alleged herein;

D.  Providing for any and all injunctive relief the Court deems appropriate;

E.  Awarding statutory damages in the maximum amount for which the law provides;

F.  Awarding monetary damages, including but not limited to any compensatory, incidental, or consequential damages in an amount that the Court or jury will determine, in accordance with applicable law;

G.  Providing for any and all equitable monetary relief the Court deems appropriate;

H.  Awarding punitive or exemplary damages in accordance with proof and in an amount consistent with applicable precedent;

I.  Awarding Plaintiffs their reasonable costs and expenses of suit, including attorneys' fees;

J.  Awarding pre- and post-judgment interest to the extent the law allows; and

K.  For such further relief as this Court may deem just and proper.

## **JURY DEMAND**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiffs hereby demand a trial by jury on all claims so triable.

Dated:    October 31, 2020

*/s/ Spencer Sheehan*
SHEEHAN & ASSOCIATES, P.C.
Spencer Sheehan
60 Cutter Mill Road, Suite 409
Great Neck, NY 11021
Telephone: (516) 268-7080
Facsimile: (516) 234-7800
*spencer@spencersheehan.com*

JAMES CHUNG, ESQ.
Telephone: (718) 461-8808
Facsimile: (929) 381-1019
*jchung_77@msn.com*

*Attorneys for Plaintiff*

7:20-cv-09146
United States District Court
Southern District of New York

Michael Zachmann, individually and on behalf of all others similarly situated,

Plaintiff,

- against -

The Coleman Company, Inc.,

Defendant

## Class Action Complaint

```
Sheehan & Associates, P.C.
 60 Cuttermill Rd Ste 409
 Great Neck NY 11021-3104
    Tel: (516) 268-7080
    Fax: (516) 234-7800
```

Pursuant to 22 NYCRR 130-1.1, the undersigned, an attorney admitted to practice in the courts of New York State, certifies that, upon information, and belief, formed after an inquiry reasonable under the circumstances, the contentions contained in the annexed documents are not frivolous.

Dated:  October 31, 2020

/s/ Spencer Sheehan
Spencer Sheehan