## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

MICHAEL ZACHMANN, individually and
on behalf of all others similarly situated,

         Plaintiff,

    v.

THE COLEMAN COMPANY, INC.,

         Defendant.

Case No.: 7:20-cv-09146-VB

ORAL ARGUMENT REQUESTED

## DEFENDANT THE COLEMAN COMPANY, INC.'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT UNDER FED. R. CIV. P. 12(b)(1) AND 12(b)(6)

**TABLE OF CONTENTS**

**Page**

INTRODUCTION ............................................................................................................. 1

BACKGROUND ............................................................................................................... 3

ARGUMENT .................................................................................................................... 4

I.      PLAINTIFF'S CLAIMS UNDER THE NYGBL FAIL BECAUSE HE
        PURCHASED THE COOLER IN CONNECTICUT AND DOES NOT SATISFY
        THE TERRITORIALITY REQUIREMENTS OF THE STATUTE ............................... 5

II.     PLAINTIFF FAILS TO STATE A CLAIM FOR BREACH OF EXPRESS
        WARRANTY ........................................................................................................... 8

        A.      Plaintiff's Express Warranty Claim Should Be Dismissed Because He
                Fails to Allege Defects in Materials or Workmanship ............................ 8

        B.      Plaintiff Failed to Provide Timely Pre-Suit Notice to Coleman ........................... 9

III.    PLAINTIFF FAILED TO PLEAD ANY SPECIAL RELATIONSHIP WITH
        COLEMAN TO SUPPORT HIS NEGLIGENT MISREPRESENTATION
        CLAIM .................................................................................................................. 10

IV.     PLAINTIFF FAILS TO PLEAD FRAUD WITH PARTICULARITY ......................... 11

V.      PLAINTIFF'S CLAIM FOR UNJUST ENRICHMENT SHOULD BE
        DISMISSED AS DUPLICATIVE OF ALL OTHER CLAIMS .................................... 13

VI.     PLAINTIFF'S CLAIMS FOR INJUNCTIVE RELIEF AND THOSE RELATED
        TO PRODUCTS HE DID NOT PURCHASE MUST BE DISMISSED UNDER
        RULE 12(B)(1) BECAUSE HE LACKS STANDING .................................................. 13

        A.      Plaintiff Lacks Article III Standing to Seek Injunctive Relief Because He
                Cannot Show an Actual and Imminent Future Injury ........................... 13

        B.      Plaintiff Lacks Standing to Assert Claims Relating to Products He Did Not
                Purchase ............................................................................................. 15

CONCLUSION ................................................................................................................ 17

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*4 K & D Corp. v. Concierge Auctions, LLC*,
   2 F. Supp. 3d 525 (S.D.N.Y. 2014)......................................................................................5

*AHW Inv. P'ship v. Citigroup Inc.*,
   980 F. Supp. 2d 510 (S.D.N.Y. 2013), *aff'd sub nom. AHW Inv. P'ship, MFS,*
   *Inc. v. Citigroup Inc.*, 661 F. App'x 2 (2d Cir. 2016) ............................................................10

*Alce v. Wise Foods, Inc.*,
   No. 17 CIV. 2402 (NRB), 2018 WL 1737750 (S.D.N.Y. Mar. 27, 2018) .............................13

*Anschutz Corp. v. Merrill Lynch & Co.*,
   690 F.3d 98 (2d Cir. 2012).....................................................................................................10

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009).................................................................................................................4

*Baker-Rhett v. Aspiro AB*,
   324 F. Supp. 3d 407 (S.D.N.Y. 2018).....................................................................................5

*Barreto v. Westbrae Nat., Inc.*,
   No. 19-CV-9677 (PKC), 2021 WL 76331
   (S.D.N.Y. Jan. 7, 2021)...............................................................................11, 12, 13, 14

*Bell Atlantic Corp. v. Twombly*,
   550 U.S. 544 (2007).................................................................................................................4

*Cachillo v. Insmed, Inc.*,
   638 F.3d 401 (2d Cir. 2011)...................................................................................................14

*Catalano v. BMW of N. Am., LLC*,
   167 F. Supp. 3d 540 (S.D.N.Y. 2016)......................................................................................8

*Chandra Campbell v. Whole Foods Market Group, Inc.*,
   No. 1:20-CV-01291-GHW, 2021 WL 355405 (S.D.N.Y. Feb. 2, 2021)...........................10, 12

*Corsello v. Verizon New York, Inc.*,
   18 N.Y.3d 777 (2012).............................................................................................................13

*Cruz v. FXDirectDealer, LLC*,
   720 F.3d 115 (2d Cir. 2013)..................................................................................................6, 7

*DaCorta v. AM Retail Grp., Inc.*,
   No. 16-CV-01748 (NSR), 2018 WL 557909 (S.D.N.Y. Jan. 23, 2018)..................................14

*Dimuro v. Clinique Labs., LLC*,
   527 Fed. Appx. 27 (2d Cir. 2014)..........................................................................................16

*Elkind v. Revlon Consumer Prods. Corp.*,
   No. 14-cv-2484, 2015 WL 2344134 (E.D.N.Y. May 14, 2015)..............................................15

*Fin. Guar. Ins. Co. v. Putnam Advisory Co., LLC*,
    783 F.3d 395 (2d Cir. 2015)....................................................................................11

*Fishin v. Peloton Interactive, Inc.*,
    No. 19-cv-11711 (LJL), 2020 WL 6564755 (S.D.N.Y. Nov. 9, 2020) ....................6

*In re Frito-Lay N. Am., Inc. All Nat. Litig.*,
    No. 12-MD-2413 RRM RLM, 2013 WL 4647512 (E.D.N.Y. Aug. 29, 2013) ..................9, 12

*Goshen v. Mutual Life Ins. Co. of New York*,
    98 N.Y.2d 314 (N.Y. 2002) ...........................................................................5, 6, 7

*Gotlin v. Lederman*,
    483 Fed. Appx. 583 (2d Cir. 2012)............................................................................6

*Haag v. Hyundai Motor Am.*,
    294 F. Supp. 3d 102 (W.D.N.Y. 2018)......................................................................9

*Hart v. BHH, LLC*,
    No. 15CV4804, 2016 WL 2642228 (S.D.N.Y. May 5, 2016)................................16

*Hesse v. Godiva Chocolatier, Inc.*,
    463 F. Supp. 3d 453 (S.D.N.Y. 2020)............................................................13, 14, 15

*Horn v. Medical Marijuana, Inc.*,
    383 F. Supp. 3d 114 (W.D.N.Y. 2019)......................................................................6

*Hubbard v. Gen, Motors Corp.*,
    No. 95 Civ. 4362, 1996 WL 274018 (S.D.N.Y. May 22, 1996)............................10

*Kaufman v. Sirius XM Radio, Inc.*,
    474 Fed. Appx. 5 (2d Cir. 2012)................................................................................7

*Lugones v. Pete & Gerry's Organic, LLC*,
    440 F. Supp. 3d 226 (S.D.N.Y. 2020)........................................................................9

*Lujan v. Defs. of Wildlife*,
    504 U.S. 555 (1992).....................................................................................................5

*Miller v. Hyundai Motor Am.*,
    No. 15-CV-4722 (TPG), 2017 WL 4382339 (S.D.N.Y. Sept. 29, 2017) ................8

*Colon ex rel. Molina v. BIC USA, Inc.*,
    199 F. Supp. 2d 53 (S.D.N.Y. 2001)........................................................................8

*Morrisey v. Nextel Partners, Inc.*,
    72 A.D.3d 209 (3d Dept. 2010) ................................................................................6

*NECA-IBEW Health & Welfare Fund v. Goldman Sachs & Co.*,
    693 F.3d 145 (2d Cir. 2012)..........................................................................15, 16

*Nicosia v. Amazon.com, Inc.*,
    834 F.3d 220 (2d Cir. 2016)....................................................................................14

*Orange Transportation Servs., Inc. v. Volvo Grp. N. Am., LLC*,
    450 F. Supp. 3d 311 (W.D.N.Y. 2020)......................................................................8

*Ossining Union Free School Dist. v. Anderson LaRocca Anderson*,
    73 N.Y.2d 417 (N.Y. 1989) ...............................................................................10

*Quinn v. Walgreen Co.*,
    958 F. Supp. 2d 533 (S.D.N.Y. 2013)..................................................................9

*Segedie v. Hain Celestial Grp., Inc.*,
    No. 14-cv-5029 (NSR), 2015 WL 2168374 (S.D.N.Y. May 7, 2015)...................11

*Singleton v. Fifth Generation, Inc.*,
    No. 515CV474BKSTWD, 2016 WL 406295 (N.D.N.Y. Jan. 12, 2016) ................9

*Stewart v. Jackson & Nash*,
    976 F.2d 86 (2d Cir. 1992)..................................................................................10

*Stoltz v. Fage Dairy Processing Indus., S.A.*,
    No. 14-CV-3826 MKB, 2015 WL 5579872 (E.D.N.Y. Sept. 22, 2015) ..............11

*United States ex rel. Tessler v. City of New York*,
    712 Fed. Appx. 27 (2d Cir. 2017) .......................................................................12

*Wedra v. Cree, Inc.*,
    No. 19 CV 3162 (VB), 2020 WL 1322887 (S.D.N.Y. Mar. 20, 2020) ...............13

**Statutes**

N.Y. Gen. Bus. Law § 349 ...........................................................................................2, 5

N.Y. Gen. Bus. Law § 349(a) ...........................................................................................5

N.Y. Gen. Bus. Law § 350 ...........................................................................................2, 5

N.Y. U.C.C. Law § 2-607(3)(a) .........................................................................................9

**Rules**

Fed. R. Civ. P. 8 ................................................................................................................1

Fed. R. Civ. P. 9(b) ..............................................................................................1, 2, 11, 12

Fed. R. Civ. P. 11 ..............................................................................................................8

Fed. R. Civ. P. 12(b)(1)..........................................................................................1, 2, 5, 13, 17

Fed. R. Civ. P. 12(b)(6)..........................................................................................1, 2, 17

**Other Authorities**

U.S. Constitution Article III.........................................................................................1, 5, 13

Defendant The Coleman Company, Inc. ("Coleman") respectfully moves to dismiss the Complaint filed by Plaintiff Michael Zachmann ("Plaintiff") in its entirety pursuant to Federal Rules of Civil Procedure 8, 9(b), 12(b)(1), and 12(b)(6).  Plaintiff has failed to state a claim for each of his five causes of action as a matter of law.  In addition, he lacks Article III constitutional standing to pursue injunctive relief or to represent a class of purchasers of products that he did not own.  This motion is based on the following memorandum of law, the pleadings and papers on file, and such other matters that may be presented to the Court at a hearing on the motion.

## **INTRODUCTION**

Coleman sells a variety of outdoor recreational products and camping gear, including a variety of hard and soft coolers.  Some Coleman hard coolers come with ice retention ratings, typically expressed in a number of days.  These ratings are determined in controlled laboratory conditions by filling a cooler with a fixed amount of ice, closing the lid, and placing it in a 90-degrees-Fahrenheit oven to simulate a warm outdoor environment.  The cooler's ice retention level is the amount of time that it takes for the ice to melt under these controlled conditions.  Ice retention ratings conducted in this manner allow consumers to make apples-to-apples comparisons as to how different coolers perform under defined conditions.   Because cooler performance will vary according to usage and environmental conditions, however, Coleman does not guarantee that the cooler will achieve the same ice retention results in all real-world settings—nor would such a guarantee be possible, or useful to all consumers.

Plaintiff alleges that he purchased a Coleman cooler with a product label indicating a "5 Day Ice" rating (the "Cooler").  He claims that the Cooler did not perform as he expected in the real-world conditions in which he used it.  On behalf of a putative nationwide class and a New York sub-class of persons who purchased numerous types of Coleman coolers of varying sizes, features, and ice retention ratings that he did not purchase, Plaintiff asserts claims for violation of

- 1 -

Sections 349 and 350 of New York General Business Law ("NYGBL") (Count I); breach of express warranty (Count II); negligent misrepresentation (Count III); common law fraud (Count IV); and unjust enrichment (Count V).  Plaintiff, however, fails to state a claim upon which relief can be granted for any of these causes of action.  He also lacks standing to obtain injunctive relief or bring claims relating to coolers he did not own.  Accordingly, the Complaint cannot pass scrutiny under 12(b)(6) and 12(b)(1).  Defendant therefore respectfully moves that the Complaint be dismissed in its entirety, for a number of reasons.

First, Plaintiff fails to state a claim under the NYGBL.  To plead a claim under that statute, a plaintiff must allege that the deceptive transaction occurred in New York.  But Plaintiff admits that he purchased the Cooler at a Walmart in Connecticut.  This alone bars his NYGBL claim.

Second, Plaintiff fails to allege any defect with the Cooler that is covered by the express warranty for that product.  In addition, Plaintiff failed to provide Coleman with the pre-litigation notice of the claimed defect required under New York law.

Third, Plaintiff has not stated a claim for negligent misrepresentation.  New York law requires a special relationship to sustain this cause of action.  But Plaintiff alleges no such relationship with Coleman, and such a relationship cannot exist where, as here, Plaintiff is a member of a mass audience of consumers with no direct relationship to a product manufacturer.

Fourth, Plaintiff fails to satisfy the heightened pleading requirements for common law fraud under Rule 9(b).  He fails to plead with particularity any factual basis to that gives rise to a strong inference of fraudulent intent.  Plaintiff's fraud claims thus fail as a matter of law.

Fifth, Plaintiff's unjust enrichment claim fails because it is duplicative of his other claims.  Unjust enrichment will not survive a motion to dismiss where, as here, a plaintiff fails to distinguish it from the other claims in the complaint.

Sixth, Plaintiff lacks constitutional standing to seek injunctive relief because he cannot show an actual and imminent future injury.  Indeed, Plaintiff fails to allege with any plausible certainty that he intends to purchase another Coleman cooler in the future.

Seventh, although Plaintiff attempts to sweep into his Complaint a panoply of unspecified Coleman cooler models, he lacks standing to assert claims regarding Coleman coolers that he never purchased.

For these reasons and as explained more fully below, the Court should dismiss Plaintiff's Complaint in its entirety.

## **BACKGROUND**

Plaintiff alleges that he purchased a Coleman cooler was labeled with a "5 Day Ice" claim (the "Cooler") at a Walmart in Connecticut "within the past two years."  Compl. ¶¶ 10, 11.  The Complaint also references a wide array of products that Plaintiff characterizes as "a line of ice coolers" sold by Coleman through various retailers with claims of 1- to 7-day ice retention (the "Products").  *Id*. ¶¶ 18-19.  Plaintiff alleges that some of the Products contain disclaimers, such as "Ice Storage at 90 degrees Fahrenheit," while others do not.  *Id*. ¶ 19.

Plaintiff claims that the "message to consumers that the Products retain ice for 1 to 7 days" is false and materially misleading because the ice "will never be functional for claimed [*sic*] period of time in … the ice coolers under normal use."  *Id*. ¶¶ 23, 42.  There is no allegation in the Complaint of when, how, or in what environmental conditions Plaintiff used the Cooler or what "normal use" entails.  *See generally, id*.

Plaintiff concedes that the Cooler has an express limited warranty from the date of original retail purchase that it will be free from defects in material and workmanship.  *Id*. ¶ 75.  But the Complaint fails to allege any defects in material or workmanship.  *See generally id*.  Similarly, Plaintiff alleges that Coleman was provided with notice "of its breach of express written warranties

through hundreds or thousands of consumer warranty claims and customer complaints" (*id.* ¶ 81), but fails to allege that he himself put Coleman on notice of his particular claims with respect to the Cooler he purchased (*see generally id.*).

Plaintiff alleges that, had he known the truth about the alleged misrepresentations and omissions regarding the Cooler's ice retention, he "would not have purchased" the product. *Id.* ¶ 13. Nevertheless, he later alleges that he "may consider future purchases if Defendant engages in corrective labeling and advertising." *Id.* ¶ 71. He also alleges that Coleman "intentionally made materially false and misleading representations regarding the Products" and "knew or should have known of their false and misleading labeling, packaging and misrepresentations and omissions," but "continued to promote and market the product in a deceptive misleading manner to induce customers to purchase the Product." *Id.* ¶¶ 96, 98.

Based on the foregoing, Plaintiff asserts claims on behalf of a nationwide class, as well as a New York subclass, and seeks declaratory, injunctive, and compensatory relief.

## ARGUMENT

Plaintiff has failed to state a claim upon which relief can be granted for any of his five causes of action. To survive a motion to dismiss under 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when a plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Legal conclusions, "formulaic recitation[s]" of a claim's elements, and "naked assertion[s]" of liability are all insufficient to state a claim. *Id.* Plaintiff's allegations in this case fundamentally fails to meet this pleading standard and make out a *prima facie* case for any of his causes of action as a matter of law. His Complaint therefore should be dismissed in its entirety.

Plaintiff also has failed to establish that he has constitutional standing either to obtain injunctive relief or to represent a class of consumers for cooler models that he never purchased. Rule 12(b)(1) requires dismissal for lack of subject-matter jurisdiction when a plaintiff does not have standing to assert his claims.  "Each element [of standing] must be supported in the same way as any other matter on which the plaintiff bears the burden of proof, *i.e.*, with the manner and degree of evidence required at the successive stages of the litigation." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992).  A Rule 12(b)(1) motion to dismiss must be granted unless the plaintiff alleges sufficient facts to plausibly satisfy the standing requirements of Article III of the U.S. Constitution.  *Id.* at 560-61.  Plaintiff here has failed to plead any such facts.

## I.   PLAINTIFF'S CLAIMS UNDER THE NYGBL FAIL BECAUSE HE PURCHASED THE COOLER IN CONNECTICUT AND DOES NOT SATISFY THE TERRITORIALITY REQUIREMENTS OF THE STATUTE.

Plaintiff fails to state a claim under the NYGBL because he admits that he purchased the Cooler in Connecticut, and all information he relied upon in making that purchase was received in that state.  Compl. ¶¶ 10-11; N.Y. Gen. Bus. §§ 349, 350.  The New York Court of Appeals has held that, in order to fall under the purview of the NYGBL, "the transaction in which the consumer is deceived must occur in New York." *Goshen v. Mutual Life Ins. Co. of New York*, 98 N.Y.2d 314, 324-24 (N.Y. 2002) (NYGBL "unambiguously evinces legislative intent to address commercial misconduct occurring within New York").  Indeed, both Sections 349 and 350 explicitly address conduct "in this state" to create the territoriality requirement.  N.Y. Gen. Bus. §§ 349(a), 350.  Thus, to satisfy the territoriality requirement and plead a claim under the NYGBL, a plaintiff must allege "that the deceptive transaction occurred in New York." *Baker-Rhett v. Aspiro AB*, 324 F. Supp. 3d 407, 416 (S.D.N.Y. 2018) (citing *4 K & D Corp. v. Concierge Auctions, LLC*, 2 F. Supp. 3d 525, 547 (S.D.N.Y. 2014).

For NYGBL purposes, the mere fact that a plaintiff resides in New York is not determinative.  *Goshan*, 98 N.Y.2d at 325 ("[W]e note that [the NYGBL] analysis does not turn on the residency of the parties.  As both the text of the statute and the history suggest, the intent is to protect consumers in their transactions that take place in New York State."); *see also Fishin v. Peloton Interactive, Inc.*, No. 19-cv-11711 (LJL), 2020 WL 6564755, at *13 (S.D.N.Y. Nov. 9, 2020) ("The *Goshen* court held definitively that application of the statutes did not turn on 'the residency of the parties ….'"); *Horn v. Medical Marijuana, Inc.*, 383 F. Supp. 3d 114, 128 (W.D.N.Y. 2019) (quoting *Goshen* to explain NYGBL does not "protect residents solely on the basis of their residency; they are intended to police consumer transaction that 'take place in New York State.'").  In *Horn*, for example, the court granted summary judgment to the defendant on NYGBL claims even though it shipped products to the plaintiffs' New York address and its advertising was available to consumers in New York.  383 F. Supp. 3d at 128.  The key inquiry was ***where*** the alleged deception took place, and the court found that it was undisputed to have occurred outside of New York.  *Id.*  Accordingly, Plaintiff's New York residency does not, on its own, permit him to bring a claim under the NYGBL.

Rather, after *Goshen*, courts have developed two different tests to evaluate whether the NYGBL's territoriality requirement is met.  *See Cruz v. FXDirectDealer, LLC*, 720 F.3d 115, 123 (2d Cir. 2013).  The first test "focus[es] on where the underlying deceptive 'transaction' takes place, regardless of the plaintiff's location or where the plaintiff is deceived." *Id*. (*citing Morrisey v. Nextel Partners, Inc.*, 72 A.D.3d 209, 216 (3d Dept. 2010) and *Gotlin v. Lederman*, 483 Fed. Appx. 583, 588 fn. 2 (2d Cir. 2012)).  Plaintiff obviously cannot state a claim under this line of cases because he explicitly pleads that he purchased the Cooler in Connecticut.  Compl. ¶ 11.

In the other line of cases, courts focus on "where the deception of the plaintiff occurs and require … *that a plaintiff actually view a deceptive statement while in New York*." *Cruz*, 720 F.3d at 123 (*citing Kaufman v. Sirius XM Radio, Inc.*, 474 Fed. Appx. 5, 7-8 (2d Cir. 2012)) (emphasis added).   In *Kaufman*, the Second Circuit held that "*Goshen* similarly forecloses plaintiffs' reliance on allegations that deceptive terms and conditions were published on a website controlled from New York, when there is no further allegation of plaintiffs' receipt of this information in New York."   474 Fed. Appx. at 7-8.   Plaintiff alleges that he "was exposed to Defendant's '5 Day Ice' claim by reading the labeling *on the ice cooler* prior to the purchase" at the Walmart in Connecticut.   Compl. ¶¶ 10-11 (emphasis added).   In other words, Plaintiff admits that he saw the allegedly deceptive information in Connecticut, not New York.   This admission is fatal to his NYGBL claim under the second line of cases.

Plaintiff also makes a few vague and general allegations that Coleman markets and advertises its products in New York, but explicitly alleges that his own interaction with the labeling on the product occurred in Connecticut.   *Id*. ¶¶ 9-11, 15-17.   Plaintiff has not pled that he viewed or relied on statements from a website controlled from New York.   But even if he did, his claim still would fail.   Indeed, *Kaufman* dispenses with any argument that a plaintiff may bring an NYGBL claim when he or she allegedly views deceptive statements on a website controlled in New York if that plaintiff did not view or receive that information in New York.   474 Fed. Appx. 5 at 7-8.   *Goshen* goes even further, holding that the NYGBL is inapplicable *even if* a defendant has "'hatch[ed] a scheme' or originat[ed] a marketing campaign in New York."   *Goshen*, 98 N.Y.2d at 324.   Coleman's alleged marketing and advertising in New York therefore is irrelevant.

Plaintiff simply cannot meet the territoriality requirements to bring a claim under the NYGBL.   Each and every fact he has pled in his Complaint links his transaction to Connecticut,

not New York.  Moreover, Plaintiff cannot rectify this fundamental deficiency by amending the

Complaint to somehow allege that he purchased the Cooler somewhere else after he already has

pled, pursuant to Rule 11, that he purchased it in Connecticut.  The Court accordingly should

dismiss the NYGBL cause of action with prejudice.

## II.    PLAINTIFF FAILS TO STATE A CLAIM FOR BREACH OF EXPRESS WARRANTY.

### A.    Plaintiff's Express Warranty Claim Should Be Dismissed Because He Fails to Allege Defects in Materials or Workmanship.

Plaintiff alleges the express warranty that Coleman included with the Cooler:

> "**Your product must be under warranty in order to obtain warranty service**.
> Coleman® products have a limited warranty from the date of original retail
> purchase that the product *will be free from defects in material and workmanship*.
> The length of the limited warranty may vary by product.  The warranty is valid for
> the original retail purchase from the date of initial retail purchase and is not
> transferable."

Compl. ¶ 75 (bold in original; italics added).  "[A] warranty that protects against defects in

materials or workmanship covers manufacturing defects, but not design defects."  *Catalano v.*

*BMW of N. Am., LLC*, 167 F. Supp. 3d 540, 554 (S.D.N.Y. 2016).  "The critical difference between

manufacturing defects and design defects is the intention of the manufacturer." *Miller v. Hyundai*

*Motor Am.*, No. 15-CV-4722 (TPG), 2017 WL 4382339, at *4 (S.D.N.Y. Sept. 29, 2017).  "To

assert a manufacturing defect, 'the plaintiff must show that a specific product unit was defective.'"

*Orange Transportation Servs., Inc. v. Volvo Grp. N. Am., LLC*, 450 F. Supp. 3d 311, 318

(W.D.N.Y. 2020) (quoting *Colon ex rel. Molina v. BIC USA, Inc.*, 199 F. Supp. 2d 53, 85

(S.D.N.Y. 2001)).

Notwithstanding the explicit language of the warranty quoted in the Complaint, Plaintiff

fails to allege that the Cooler (or any other Coleman product) was defective in materials or

workmanship.  Instead, Plaintiff alleges that the Products are "inherently defective."  *Id.* ¶ 80.

Because Plaintiff has not alleged any defect that actually is covered by the warranty, however, the breach of express warranty claim should be dismissed.  *See Haag v. Hyundai Motor Am.*, 294 F. Supp. 3d 102, 105 (W.D.N.Y. 2018) ("where a plaintiff … relies on allegations and/or evidence that the claimed defects are common to an entire class of [products] based on their design, rather than the result of an error in the manufacturing process … the plaintiff cannot prevail on an express warranty claim concerning materials and workmanship").

   **B.**   **Plaintiff Failed to Provide Timely Pre-Suit Notice to Coleman.**

   To state a claim for breach of express warranty under New York law, a buyer must provide a seller with timely notice of an alleged breach of warranty; failure to provide such notice will bar any remedy.  N.Y. U.C.C. Law § 2-607(3)(a); *Lugones v. Pete & Gerry's Organic, LLC*, 440 F. Supp. 3d 226, 244-45 (S.D.N.Y. 2020).  Plaintiff has not pled that he provided any notice to Coleman of his breach of warranty claim.  Instead, he alleges that Coleman "was provided with notice, and has been on notice, of the defects and of its breach of express written warranties through … consumer warranty claims and customer complaints." Compl. ¶ 81.  However, the fact that a defendant may have been aware of a similar claim does not put defendant on notice *of a plaintiff's particular claim*.  *Singleton v. Fifth Generation, Inc.*, No. 515CV474BKSTWD, 2016 WL 406295, at *12 (N.D.N.Y. Jan. 12, 2016) ("[T]he fact that Defendant may have been aware of similar claims involving [the labels] did not put Defendant on notice of Plaintiff's particular claims.  As the buyer of the [product] in this case, Plaintiff was required to inform Defendant, within a reasonable time, of the alleged breach involving his own purchase.").

   New York law is clear.  Because Plaintiff fails to allege that he provided notice of the claimed defect to Coleman, his breach of express warranty claim must be dismissed.  *See Quinn v. Walgreen Co.*, 958 F. Supp. 2d 533, 544 (S.D.N.Y. 2013) (dismissing breach of warranty claims for failure to allege timely notice); *In re Frito-Lay N. Am., Inc. All Nat. Litig.*, No. 12-MD-2413

RRM RLM, 2013 WL 4647512, at *21 (E.D.N.Y. Aug. 29, 2013) (same); *Hubbard v. Gen, Motors Corp.*, No. 95 Civ. 4362, 1996 WL 274018, at *5 (S.D.N.Y. May 22, 1996) ("Plaintiff's Complaint lacks any allegations that plaintiff notified the seller of the claimed defect. Accordingly, the Court grants defendant's motion to dismiss plaintiff's claims for breach of … warranty for failure to allege notice.").

## III. PLAINTIFF FAILED TO PLEAD ANY SPECIAL RELATIONSHIP WITH COLEMAN TO SUPPORT HIS NEGLIGENT MISREPRESENTATION CLAIM.

Plaintiff's negligent misrepresentation cause of action fails because Plaintiff does not, and cannot, allege that Coleman "had a duty, as a result of a special relationship, to give correct information" to him. *Anschutz Corp. v. Merrill Lynch & Co.*, 690 F.3d 98, 114 (2d Cir. 2012). To plead a special relationship sufficient to sustain a negligent misrepresentation claim, a plaintiff must allege a relationship of trust or confidence often characterized as akin to a fiduciary or privity-like relationship. *Stewart v. Jackson & Nash*, 976 F.2d 86, 90 (2d Cir. 1992); *AHW Inv. P'ship v. Citigroup Inc.*, 980 F. Supp. 2d 510, 524 (S.D.N.Y. 2013), *aff'd sub nom. AHW Inv. P'ship, MFS, Inc. v. Citigroup Inc.*, 661 F. App'x 2 (2d Cir. 2016); *Ossining Union Free School Dist. v. Anderson LaRocca Anderson*, 73 N.Y.2d 417, 419 (N.Y. 1989) (negligent misrepresentation requires "that the underlying relationship between the parties be one of contract or the bond between them so close as to be the functional equivalent of contractual privity").

Here, because Plaintiff purchased the Product from a third-party retailer, he lacks ***any*** relationship with Coleman.[1] Compl. ¶ 11. Coleman's status as the manufacturer of the product

---

[1] Even if Plaintiff purchased the product directly from Coleman (he did not), to establish the existence of a special relationship in the commercial context, plaintiff must show a closer degree of trust between the parties than that of the ordinary buyer and seller. *Chandra Campbell v. Whole Foods Market Group, Inc.*, No. 1:20-CV-01291-GHW, 2021 WL 355405, at *12 (S.D.N.Y. Feb. 2, 2021) (dismissing negligent misrepresentation claim involving a basic commercial transaction because it did not give rise to a special relationship).

alone is insufficient to establish a special relationship.  *See Stoltz v. Fage Dairy Processing Indus., S.A.*, No. 14-CV-3826 MKB, 2015 WL 5579872, at *25 (E.D.N.Y. Sept. 22, 2015) (finding no special relationship with defendant manufacturer).  Further, a claim of negligent misrepresentation is not permitted where, as here, the plaintiff and the putative class are members of a mass audience of consumers, with no direct relationship to the defendant.  *See Barreto v. Westbrae Nat., Inc.*, No. 19-CV-9677 (PKC), 2021 WL 76331, at *7 (S.D.N.Y. Jan. 7, 2021) ("To plead a special relationship, plaintiffs must show they were a known party or parties ….  Being one of a class of potential recipients of a statement will not suffice.") (quotation marks omitted).

Plaintiff's negligent misrepresentation claim therefore should be dismissed for failure to plead a special relationship with Coleman.  *See Segedie v. Hain Celestial Grp., Inc.*, No. 14-cv-5029 (NSR), 2015 WL 2168374, at *14 (S.D.N.Y. May 7, 2015) (dismissing negligent misrepresentation claim for failure to plead any cognizable special relationship).

## IV.   PLAINTIFF FAILS TO PLEAD FRAUD WITH PARTICULARITY.

The Court should dismiss Plaintiff's common law fraud cause of action because his boilerplate and conclusory allegations do not meet the heightened pleading standard required under Rule 9(b) to sustain such a claim.  "To state a claim for fraud under New York law, a plaintiff must allege (1) a material misrepresentation or omission of fact; (2) which the defendant knew to be false; (3) which the defendant made with the intent to defraud; (4) upon which the plaintiff reasonably relied; and (5) which caused injury to the plaintiff."  *Fin. Guar. Ins. Co. v. Putnam Advisory Co., LLC*, 783 F.3d 395, 402–03 (2d Cir. 2015).  And, in federal court, a plaintiff must plead fraud with particularity under Rule 9(b).  *Id; Barreto*, 2021 WL 76331, at *7.  While Rule 9(b) permits a plaintiff to allege scienter generally, "the Second Circuit has repeatedly required plaintiffs to plead the factual basis which gives rise to ***a strong inference*** of fraudulent intent."  *Id.*

(*citing United States ex rel. Tessler v. City of New York*, 712 Fed. Appx. 27, 29 (2d Cir. 2017)) (emphasis added).

Here, the Complaint is devoid of any allegations sufficient to establish a strong inference of fraudulent intent.  Plaintiff alleges generically that Coleman "intentionally made materially false and misleading representations regarding the Products."  But such conclusory allegations, unsupported by any particularized facts, are insufficient to plead fraudulent intent.  *See Barreto*, 2021 WL 76331, at *2 (dismissing fraud claim because complaint contained only conclusory allegations of fraudulent intent).

Plaintiff also alleges that Coleman "knew or should have known of their false and misleading labeling, packaging and misrepresentations and omissions," but "continued to promote and market the product in a deceptive misleading manner to induce customers to purchase the Product."  Compl. ¶ 98.  Simply alleging knowledge that a statement is incorrect (which Coleman does not admit here), however, is not sufficient to plead fraudulent ***intent***.  *See Chandra Campbell*, No. 1:20-cv-01291-GHW, 2021 WL 355405, at *12.  Nor are allegations of a generalized motive to increase sales and profits—such as Plaintiff's claim that Coleman "has reaped huge profits" (Compl. ¶ 47)—sufficient to plead fraudulent intent.  See *In re Frito-Lay N. Am., Inc. All Nat. Litig.,* No. 12-MD-2413, 2013 WL 4647512, at *25 (generalized motive to satisfy consumers' desires and increase sales and profits does not support a strong inference of fraudulent intent).

Plaintiff thus has failed to plead more than generic and conclusory facts in support of his cause of action for fraud.  This is insufficient under Rule 9(b), and so the Court should dismiss this claim.

## V.   PLAINTIFF'S CLAIM FOR UNJUST ENRICHMENT SHOULD BE DISMISSED AS DUPLICATIVE OF ALL OTHER CLAIMS

Plaintiff cannot sustain an equitable claim for unjust enrichment when it merely duplicates his other causes of action in contract and tort.   Under New York law, "unjust enrichment is available only in unusual situations when, though the defendant has not breached a contract nor committed a recognized tort, circumstances create an equitable obligation running from the defendant to the plaintiff."   *Barreto*, 2021 WL 76331, at *8 (*citing Corsello v. Verizon New York, Inc.*, 18 N.Y.3d 777, 790 (2012)) (internal quotations omitted).   This claim is "not available where it simply duplicates, or replaces, a conventional contract or tort claim."   *Wedra v. Cree, Inc.*, No. 19 CV 3162 (VB), 2020 WL 1322887, at *11 (S.D.N.Y. Mar. 20, 2020) (*citing Corsello*, 18 N.Y.3d at 790).   Further, unjust enrichment cannot serve as a backstop to remedy the other claims' defects.   *Hesse v. Godiva Chocolatier, Inc.*, 463 F. Supp. 3d 453, 473-74 (S.D.N.Y. 2020).

Here, Plaintiff's unjust enrichment claim "incorporates by reference all preceding paragraphs" in the Complaint and fails to distinguish it from his other causes of action.   Compl. ¶¶ 100-105.   Thus, the claim is duplicative and should be dismissed.   *See Hesse*, 463 F. Supp. 3d at 473–74 (dismissing unjust enrichment claim because it relied on the same factual allegations and the same theory of liability as other claims); *Wedra*, 2020 WL 1322887, at *11 (dismissing unjust enrichment claim as duplicative of other claims rooted in statutory, contract, and tort law); *Alce v. Wise Foods, Inc.*, No. 17 CIV. 2402 (NRB), 2018 WL 1737750, at *11 (S.D.N.Y. Mar. 27, 2018) (dismissing unjust enrichment claim as duplicative of tort and NYGBL claims).

## VI.   PLAINTIFF'S CLAIMS FOR INJUNCTIVE RELIEF AND THOSE RELATED TO PRODUCTS HE DID NOT PURCHASE MUST BE DISMISSED UNDER RULE 12(B)(1) BECAUSE HE LACKS STANDING.

### A.   Plaintiff Lacks Article III Standing to Seek Injunctive Relief Because He Cannot Show an Actual and Imminent Future Injury.

The pleading standard to satisfy standing requirements for injunctive relief is higher than the standard for standing to seek compensatory damages.  It is well-settled that a plaintiff must show three elements to establish standing:  injury in fact, causation, and redressability.  *Cachillo v. Insmed, Inc.*, 638 F.3d 401, 404 (2d Cir. 2011).  "A plaintiff seeking to represent a class must personally have standing" to pursue "***each form*** of relief sought."  *Barreto*, 2021 WL 76331, at *9 (*citing Nicosia v. Amazon.com, Inc.*, 834 F.3d 220, 239 (2d Cir. 2016) (citations omitted)) (emphasis added).  In addition to these elements, when seeking injunctive relief, the plaintiff ***also*** must establish a "real or immediate threat that the plaintiff will be wronged again."  *Id.*  "Past injuries … do not confer standing to seek injunctive relief unless the plaintiff can demonstrate that [he] is likely to be harmed again in the future in a similar way."  *Id.* (*citing Nicosia*, 834 F.3d at 239).

Here, Plaintiff alleges that, had he known about the supposed misrepresentations and omissions with respect to the Cooler, he "would not have purchased the Product."  Compl. ¶ 71. This retrospective allegation essentially is a concession that Plaintiff does not intend to purchase the product in the future.  *See DaCorta v. AM Retail Grp., Inc.,* No. 16-CV-01748 (NSR), 2018 WL 557909, at *4 (S.D.N.Y. Jan. 23, 2018) ("claim that [plaintiff] would not have purchased the [product] but for [defendant's] misrepresentations … is effectively a concession that [plaintiff] does not intend to purchase the product in the future.") (citations omitted).

Plaintiff further alleges that he "***may consider*** future purchases if Defendant engages in corrective labeling and advertising."  Compl. ¶ 13 (emphasis added).  However, this is a hypothetical injury that is insufficient to establish standing.  *See Barreto*, 2021 WL 76331, slip op. at *7 (contentions that plaintiff would purchase product in the future if she could trust the label are insufficient to confer standing); *Hesse*, 463 F. Supp. 3d at 466 (allegation that "***if*** [plaintiffs]

choose to purchase [the product] in the future, ***then*** they ***may*** be harmed" is hypothetical and insufficient to establish standing).

Plaintiff cannot plausibly claim that he will purchase a Coleman cooler again based on the knowledge that he now has.  Any change in labeling will not alter what Plaintiff claims is an "inherent[]" defect with the Cooler.  Compl. ¶ 80.  "As many courts have explained, because a plaintiff in a false advertisement case has ***necessarily*** become aware of the alleged misrepresentations, there is no danger that they will again be deceived by them."  *Hesse*, 463 F. Supp. 3d at 465 (citing *Elkind v. Revlon Consumer Prods. Corp.*, No. 14-cv-2484, 2015 WL 2344134, at *3 (E.D.N.Y. May 14, 2015)) (quotations omitted).

Plaintiff thus lacks standing to seek injunctive relief because he can show no real or immediate threat of future injury.  The Court therefore should dismiss Plaintiff's claims seeking injunctive relief.

### B.  Plaintiff Lacks Standing to Assert Claims Relating to Products He Did Not Purchase

Plaintiff makes broad assertions regarding myriad Coleman coolers with various labels and ice retention ratings that he did not purchase.  *See*, *e.g.*, Compl. ¶¶ 18-19, 23.  He also seeks to represent a class of "[a]ll persons who purchased one or more Defendant's [*sic*] '1 Day' to '7 Day' cooler [*sic*] …."  Compl. ¶ 50.  Plaintiff cannot, however, establish standing to represent a class of purchasers of this wide array of dissimilar products.  The Second Circuit has held that "a plaintiff has class standing if he plausibly alleges (1) that he personally has suffered some actual … injury as a result of the putatively illegal conduct of the defendant" and "(2) such conduct implicates the same set of concerns as the conduct alleged to have caused injury to other members of the putative class by the same defendants."  *NECA-IBEW Health & Welfare Fund v. Goldman Sachs & Co.*, 693 F.3d 145, 162 (2d Cir. 2012).  In the context of misrepresentation claims, "whether the conduct

- 15 -

implicated the same set of concerns for distinct sets of plaintiffs … will depend on the nature and content of the specific misrepresentation alleged." *Id.*

In *Dimuro v. Clinique Labs., LLC*, 527 Fed. Appx. 27, 29 (2d Cir. 2014), the plaintiffs asserted claims arising out of the defendant's marketing of seven different products sold under the same product line despite having only purchased three of them.  The Second Circuit affirmed the dismissal of those claims, holding that "each of the seven different products have different ingredients, and [the defendant] made different advertising claims for each product," so "[e]ntirely unique evidence will … be required to prove that the … advertising statements for each of the seven … products are false and misleading." *Id.*

The same is true here.  The Complaint alleges a wide range of Coleman coolers that have different features, ice retention claims, and disclaimers.  Indeed, Plaintiff concedes that Coleman's coolers have different ice retention claims and that some of the coolers "contain disclaimers such as 'Ice Storage at 90 degrees Fahrenheit,'" while others do not.  Compl. ¶¶ 18, 19.  While they all may be coolers sold under the Coleman brand name, they are not the same product and do not feature the same advertising and marketing statements.  Plaintiff thus lacks standing to assert claims regarding Coleman coolers that he did not purchase.  Accordingly, Plaintiff's claims arising from coolers that are not labeled with a "5 Day Ice" label like the Cooler he purchased should be dismissed for lack of standing.  *See Hart v. BHH, LLC*, No. 15CV4804, 2016 WL 2642228, at *3 (S.D.N.Y. May 5, 2016) (applying *Dimuro* and dismissing claims concerning products plaintiff did not purchase).[2]

---

[2]     Plaintiff's Complaint never identifies the exact model or even the capacity of the Cooler that he purchased.

## CONCLUSION

For the foregoing reasons, Plaintiff's Complaint should be dismissed in its entirety for failure to state a claim under Rule 12(b)(6).  In addition, his claims for injunctive relief and to represent a class of purchasers of products he did not own should be dismissed for lack of subject-matter jurisdiction under Rule 12(b)(1).

Dated:     March 23, 2021

Respectfully submitted,

**SCHIFF HARDIN LLP**

By:   /s/ Brett F. Clements

    Brett F. Clements (BC6262)
    4 Embarcadero Center, Suite 1350
    San Francisco, CA 94111
    415.901.8700
    bclements@schiffhardin.com

    Jeffrey D. Skinner (*pro hac vice* forthcoming*)
    901 K Street NW, Suite 700
    Washington, DC 20001
    202.778.6427
    jskinner@schiffhardin.com

    *Attorneys for Defendant*
    *The Coleman Company, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing Memorandum of Law in Support of Defendant's Motion to Dismiss Plaintiff's Complaint was served via ECF on all counsel of record.

Dated: March 23, 2021

By: */s/ Brett F. Clements*
Brett F. Clements