## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

MICHAEL ZACHMANN and ARIEL
ULBERG, individually and on behalf of all
others similarly situated,

               Plaintiffs,

      v.

THE COLEMAN COMPANY, INC.,
               Defendant.

Case No.: 7:20-cv-09146

ORAL ARGUMENT REQUESTED

## DEFENDANT THE COLEMAN COMPANY, INC.'S MEMORANDUM OF
## LAW IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS'
## FIRST AMENDED COMPLAINT UNDER FED. R. CIV. P. 12(b)(1) AND 12(b)(6)

# **TABLE OF CONTENTS**

**Page**

INTRODUCTION ....................................................................................1

BACKGROUND ....................................................................................3

ARGUMENT ........................................................................................4

I.    PLAINTIFFS FAIL TO STATE A CLAIM UNDER THE NYGBL ...........5

    A.    Plaintiffs' NYGBL Claims Should Be Dismissed Because They
        Fail to Allege That They Saw the Purportedly Misleading
        Statements Before Purchasing the Coolers ..........................................5

    B.    Plaintiff Zachmann's NYGBL Claim Fails Because He
        Purchased the Cooler in Connecticut ...................................................6

II.   PLAINTIFFS' BREACH OF EXPRESS WARRANTY AND
    MAGNUSON-MOSS WARRANTY ACT CLAIMS FAIL .......................9

    A.    Plaintiffs' Express Warranty Claim Should Be Dismissed
        Because They Fail to Allege Defects in Materials or
        Workmanship ........................................................................................9

    B.    Plaintiffs Failed to Provide Timely Pre-Suit Notice to Coleman ......10

    C.    Plaintiffs' Magnuson-Moss Warranty Act Claim Fails For the
        Same Reasons As Their State Law Express Warranty Claim............11

III.  PLAINTIFFS LACKED PRIVITY WITH COLEMAN TO SUSTAIN
    A BREACH OF IMPLIED WARRANTY CLAIM....................................12

IV.   PLAINTIFFS FAIL TO PLEAD A SPECIAL RELATIONSHIP
    WITH COLEMAN TO SUPPORT THEIR NEGLIGENT
    MISREPRESENTATION CLAIM .............................................................12

V.    PLAINTIFFS FAIL TO PLEAD FRAUD WITH PARTICULARITY.......14

VI.   PLAINTIFFS' CLAIM FOR UNJUST ENRICHMENT SHOULD BE
    DISMISSED AS DUPLICATIVE OF ALL OTHER CLAIMS.................16

VII.  PLAINTIFFS' CLAIMS FOR INJUNCTIVE RELIEF AND THOSE
    RELATED TO PRODUCTS THEY DID NOT PURCHASE MUST
    BE DISMISSED UNDER RULE 12(B)(1) BECAUSE THEY LACK
    STANDING ...............................................................................................17

# TABLE OF CONTENTS
### (continued)

**Page**

A.  Plaintiffs Lack Article III Standing to Seek Injunctive Relief Because They Cannot Show an Actual and Imminent Future Injury ................................................................................................17

B.  Plaintiffs Lack Standing to Assert Claims Relating to Products They Did Not Purchase ....................................................................18

CONCLUSION ........................................................................................20

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*4 K & D Corp. v. Concierge Auctions, LLC*,
  2 F. Supp. 3d 525 (S.D.N.Y. 2014) ...................................................................7

*AHW Inv. P'ship v. Citigroup Inc.*,
  980 F. Supp. 2d 510 (S.D.N.Y. 2013), *aff'd sub nom. AHW Inv.*
  *P'ship, MFS, Inc. v. Citigroup Inc.*, 661 F. App'x 2 (2d Cir. 2016) ..................13

*Alce v. Wise Foods, Inc.*,
  No. 17 CIV. 2402 (NRB), 2018 WL 1737750 (S.D.N.Y. Mar. 27,
  2018) ...............................................................................................................17

*Anschutz Corp. v. Merrill Lynch & Co.*,
  690 F.3d 98 (2d Cir. 2012) ..............................................................................12

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ...........................................................................................5

*Baker-Rhett v. Aspiro AB*,
  324 F. Supp. 3d 407 (S.D.N.Y. 2018) ...............................................................7

*Barreto v. Westbrae Nat., Inc.*,
  No. 19-CV-9677 (PKC), 2021 WL 76331
  (S.D.N.Y. Jan. 7, 2021).................................................... 13, 14, 15, 16, 17, 18

*Bell Atlantic Corp. v. Twombly*,
  550 U.S. 544 (2007)............................................................................................5

*Cachillo v. Insmed, Inc.*,
  638 F.3d 401 (2d Cir. 2011) .............................................................................17

*Catalano v. BMW of N. Am., LLC*,
  167 F. Supp. 3d 540 (S.D.N.Y. 2016) ................................................................9

*Chandra Campbell v. Whole Foods Market Group, Inc.*,
  No. 1:20-CV-01291-GHW, 2021 WL 355405 (S.D.N.Y. Feb. 2,
  2021) ....................................................................................................13, 14, 16

*Colangelo v. Champion Petfoods USA, Inc.*,
  No. 618CV1228LEKML, 2020 WL 777462, slip op. (N.D.N.Y.
  Feb. 18, 2020) ..................................................................................................12

*Corsello v. Verizon New York, Inc.*,
  18 N.Y.3d 777 (2012) .........................................................................16

*Cosgrove v. Oregon Chai, Inc.*,
  No. 19 CIV. 10686 (KPF), 2021 WL 706227 (S.D.N.Y. Feb. 21,
  2021) ................................................................................................11, 12

*Cruz v. FXDirectDealer, LLC*,
  720 F.3d 115 (2d Cir. 2013) ...........................................................7, 8

*DaCorta v. AM Retail Grp., Inc.*,
  No. 16-CV-01748 (NSR), 2018 WL 557909 (S.D.N.Y. Jan. 23,
  2018) .........................................................................................................17

*Dashnau v. Unilever Mfg. (US), Inc.*,
  No. 19-CV-10102 (KMK), 2021 WL 1163716 (S.D.N.Y. Mar. 26,
  2021) .........................................................................................................15

*Diaz v. Paragon Motors of Woodside, Inc.*,
  424 F. Supp. 2d 519 (E.D.N.Y. 2006) ...............................................11

*Dimuro v. Clinique Labs., LLC*,
  527 Fed. Appx. 27 (2d Cir. 2014).................................................19, 20

*Ebin v. Kangadis Food Inc.*,
  No. 13 CIV. 2311 JSR, 2013 WL 6504547 (S.D.N.Y. Dec. 11,
  2013) ................................................................................................11, 12

*Elkind v. Revlon Consumer Prods. Corp.*,
  No. 14-cv-2484, 2015 WL 2344134 (E.D.N.Y. May 14, 2015) ........................18

*Eternity Glob. Master Fund Ltd. v. Morgan Guar. Tr. Co. of N.Y.*,
  375 F.3d 168 (2d Cir. 2004) ................................................................14

*Fin. Guar. Ins. Co. v. Putnam Advisory Co., LLC*,
  783 F.3d 395 (2d Cir. 2015) ................................................................15

*Fishin v. Peloton Interactive, Inc.*,
  No. 19-cv-11711 (LJL), 2020 WL 6564755 (S.D.N.Y. Nov. 9,
  2020) ...........................................................................................................7

*In re Frito-Lay N. Am., Inc. All Nat. Litig.*,
  No. 12-MD-2413 RRM RLM, 2013 WL 4647512 (E.D.N.Y. Aug.
  29, 2013) .........................................................................................11, 16

*Garcia v. Chrysler Gr. LLC*,
  127 F. Supp. 3d 212 (S.D.N.Y. 2015) ...............................................11

*Goldemberg v. Johnson & Johnson Consumer Cos., Inc.*,
   8 F.Supp. 3d 467 (S.D.N.Y. 2014) .......................................................................6

*Goshen v. Mutual Life Ins. Co. of New York*,
   98 N.Y.2d 314 (N.Y. 2002) ..........................................................................6, 7, 8

*Gotlin v. Lederman*,
   483 Fed. Appx. 583 (2d Cir. 2012) .......................................................................7

*Haag v. Hyundai Motor Am.*,
   294 F. Supp. 3d 102 (W.D.N.Y. 2018) ...............................................................10

*Hart v. BHH, LLC*,
   No. 15CV4804, 2016 WL 2642228 (S.D.N.Y. May 5, 2016) ...........................19

*Hesse v. Godiva Chocolatier, Inc.*,
   463 F. Supp. 3d 453 (S.D.N.Y. 2020) .....................................................16, 17, 18

*Horn v. Medical Marijuana, Inc.*,
   383 F. Supp. 3d 114 (W.D.N.Y. 2019) .................................................................7

*Hubbard v. Gen, Motors Corp.*,
   No. 95 Civ. 4362, 1996 WL 274018 (S.D.N.Y. May 22, 1996) ........................11

*Kaufman v. Sirius XM Radio, Inc.*,
   474 Fed. Appx. 5 (2d Cir. 2012) ...........................................................................8

*Lexow & Jenkins, P.C. v. Hertz Commercial Leasing Corp.*,
   122 A.D.2d 25 (N.Y. Supr. Ct. App. Div. 1989) ...............................................12

*Lugones v. Pete & Gerry's Organic, LLC*,
   440 F. Supp. 3d 226 (S.D.N.Y. 2020) .................................................................10

*Lujan v. Defs. of Wildlife*,
   504 U.S. 555 (1992)................................................................................................5

*Miller v. Hyundai Motor Am.*,
   No. 15-CV-4722 (TPG), 2017 WL 4382339 (S.D.N.Y. Sept. 29,
   2017) ......................................................................................................................9

*Colon ex rel. Molina v. BIC USA, Inc.*,
   199 F. Supp. 2d 53 (S.D.N.Y. 2001) ....................................................................9

*Morrisey v. Nextel Partners, Inc.*,
   72 A.D.3d 209 (3d Dept. 2010) .............................................................................7

*NECA-IBEW Health & Welfare Fund v. Goldman Sachs & Co.*,
   693 F.3d 145 (2d Cir. 2012) ................................................................................19

*Nicosia v. Amazon.com, Inc.*,
  834 F.3d 220 (2d Cir. 2016) ...............................................................17

*Oden v. Boston Scientific Corp.*,
  330 F. Supp. 3d 877 (E.D.N.Y. 2018) .............................................5, 6

*Orange Transportation Servs., Inc. v. Volvo Grp. N. Am., LLC*,
  450 F. Supp. 3d 311 (W.D.N.Y. 2020).................................................9

*Ossining Union Free School Dist. v. Anderson LaRocca Anderson*,
  73 N.Y.2d 417 (N.Y. 1989) .................................................................13

*Quinn v. Walgreen Co.*,
  958 F. Supp. 2d 533 (S.D.N.Y. 2013) ...............................................11

*In re Scotts EZ Seed Litig.*,
  No. 12-CV-4727, 2013 WL 2303727 (S.D.N.Y. May 22, 2013).......12

*Segedie v. Hain Celestial Grp., Inc.*,
  No. 14-cv-5029 (NSR), 2015 WL 2168374 (S.D.N.Y. May 7,
  2015) ...................................................................................................14

*Singleton v. Fifth Generation, Inc.*,
  No. 515CV474BKSTWD, 2016 WL 406295 (N.D.N.Y. Jan. 12,
  2016) ...................................................................................................10

*Stewart v. Jackson & Nash*,
  976 F.2d 86 (2d Cir. 1992) .................................................................13

*Stoltz v. Fage Dairy Processing Indus., S.A.*,
  No. 14-CV-3826 MKB, 2015 WL 5579872 (E.D.N.Y. Sept. 22,
  2015) ...................................................................................................13

*United States ex rel. Tessler v. City of New York*,
  712 Fed. Appx. 27 (2d Cir. 2017)......................................................15

*Troncoso v. TGI Friday's Inc.*,
  No. 19 CIV. 2735 (KPF), 2020 WL 3051020 (S.D.N.Y. June 8,
  2020) .....................................................................................................6

*Wedra v. Cree, Inc.*,
   No. 19 CV 3162 (VB), 2020 WL 1322887 (S.D.N.Y. Mar. 20,
  2020) ..............................................................................................16, 17

**Statutes**

15 U.S.C. § 2301 *et seq.*................................................................2, 9, 11

N.Y. Gen. Bus. Law § 349 ....................................................................2, 6

N.Y. Gen. Bus. Law § 349(a) ..................................................................6

N.Y. Gen. Bus. Law § 350 ...................................................................2, 6

N.Y. U.C.C. Law § 2-607(3)(a) ............................................................10

**Rules**

Fed. R. Civ. P. 8 ....................................................................................1

Fed. R. Civ. P. 9(b) ..............................................................1, 3, 4, 14, 15, 16

Fed. R. Civ. P. 12(b)(1)...........................................................1, 2, 5, 17, 20

Fed. R. Civ. P. 12(b)(6)...............................................................1, 2, 4, 20

**Other Authorities**

U.S. Constitution Article III...........................................................1, 5, 17

Defendant The Coleman Company, Inc. ("Coleman") respectfully moves to dismiss the First Amended Complaint filed by Plaintiffs Michael Zachmann and Ariel Ulberg ("Plaintiffs") on April 19, 2021, pursuant to Federal Rules of Civil Procedure 8, 9(b), 12(b)(1), and 12(b)(6).  In response to Coleman's motion to dismiss filed on March 23, 2021, Plaintiff Zachmann amended the original complaint and is joined by a new Plaintiff, Ariel Ulberg.  But Plaintiffs fail to cure the fundamental defects of the original complaint.  Most importantly, they plead facts about Coleman coolers that are completely untethered from their individual experiences with the products.  Rather, they make general, conclusory allegations that fail to meet the basic requirements under well-settled federal law.  Plaintiffs thus have failed to state a claim for each of their six causes of action as a matter of law.  In addition, they lack Article III constitutional standing to pursue injunctive relief or to represent a class of purchasers of products that they did not own.  This motion is based on the following memorandum of law, the pleadings and papers on file, and such other matters that may be presented to the Court at a hearing on the motion.

## **INTRODUCTION**

Coleman sells outdoor recreational products and camping gear, including a variety of hard and soft coolers.  Some Coleman hard coolers come with ice retention ratings, typically expressed in a number of days.  These ratings are determined in controlled laboratory conditions by filling a cooler with a fixed amount of ice, closing the lid, and placing it in a 90-degrees-Fahrenheit oven to simulate a warm outdoor environment.  The cooler's ice retention level is the amount of time that it takes for the ice to melt under these controlled conditions.  Ice retention ratings conducted in this manner allow consumers to make apples-to-apples comparisons as to how different coolers perform under defined conditions.  Because cooler performance will vary according to usage and environmental conditions, however, Coleman does not guarantee that the cooler will achieve the

same ice retention results in all real-world settings—nor would such a guarantee be possible, or useful to all consumers.

Plaintiffs allege that they purchased Coleman coolers with a product label indicating a "5 Day Ice" rating (the "Coolers"), but state no other information about the products. They claim that the Coolers did not perform as expected in the real-world conditions in which they used them. On behalf of a putative New York class of persons who purchased numerous types of Coleman coolers of varying capacity, price, and disclaimers, Plaintiffs assert claims for violation of Sections 349 and 350 of New York General Business Law ("NYGBL") (Count I); breach of express warranty and violation of the Magnuson-Moss Warranty Act (Count II); breach of implied warranty of merchantability (Count III); negligent misrepresentation (Count IV); common law fraud (Count V); and unjust enrichment (Count VI). For a number of reasons set forth below, however, none of Plaintiffs' claims can survive scrutiny under Rules 12(b)(6) and 12(b)(1), and so the First Amended Complaint should be dismissed in its entirety.

First, Plaintiffs fail to state a claim under the NYGBL. To plead a claim under that statute, a plaintiff must allege that she saw the allegedly misleading statement prior to purchasing the product. The First Amended Complaint here is devoid of any such allegations, as neither Plaintiff alleges seeing any statement about the Coolers at all before purchasing them. Further, to plead a claim under the NYGBL, a plaintiff must allege that the deceptive transaction occurred in New York. But Plaintiff Zachmann admits that he purchased his Cooler at a Walmart in Connecticut.

Second, Plaintiffs fail to allege any defect with the Coolers that is covered by the express warranty for those products. In addition, Plaintiffs failed to provide Coleman with the pre-litigation notice of the claimed defect required under New York law. Because Plaintiffs' state-law claim for breach of express warranty fails, so does their Magnuson-Moss Warranty Act claim.

Third, Plaintiffs fail to state a claim for breach of implied warranty of merchantability because they did not purchase the products directly from Coleman.  New York law requires privity between the plaintiff and the defendant to sustain this cause of action for alleged economic losses.

Fourth, Plaintiffs have not stated a claim for negligent misrepresentation because they have alleged no special relationship with Coleman required to sustain this claim under New York law.

Fifth, Plaintiffs fail to satisfy the heightened pleading requirements under Rule 9(b) for their fraud claim because they fail to plead with particularity any factual basis that gives rise to a strong inference of fraudulent intent.

Sixth, Plaintiffs' unjust enrichment claim fails because it is duplicative of other claims.

Seventh, Plaintiffs lack constitutional standing to seek injunctive relief because they fail to allege with any plausible certainty that they will purchase another Coleman cooler in the future.

Eighth, although the First Amended Complaint contains allegations about a panoply of unspecified Coleman cooler models of different sizes and features, Plaintiffs lack standing to assert claims regarding Coleman cooler models that they never purchased.

## **BACKGROUND**

Plaintiffs allege that they purchased their Coleman Coolers which purported to retain ice for five days  at a Walmart in Connecticut "no earlier than October 28, 2018" (Plaintiff Zachmann) and a Home Depot in New York "no earlier than September 29, 2018" (Plaintiff Ulberg).  FAC ¶¶ 1, 58-59.  The First Amended Complaint also references a wide array of other coolers sold by Coleman through various retailers that vary in capacity and price (the "Products").  *Id.* ¶¶ 5, 55-56.  Plaintiffs allege that some of the Products contain disclaimers, such as "Ice Storage at 90 degrees Fahrenheit," while others do not.  *Id.* ¶ 5.

Plaintiffs claim that the statement "KEEPS THE ICE for five days" on the Coolers is false, materially misleading, and likely to deceive the public at large because it is a "scientific

impossibility." *Id.* ¶¶ 8, 37.  Plaintiffs also claim that the disclaimer "ICE STORAGE AT 90 DEGREES FAHRENHEIT" is misleading because it "fails to replicate real-world usage of the coolers." *Id.* ¶ 20.  There is no allegation in the First Amended Complaint of when, how, or in what *environmental* conditions Plaintiffs used the Coolers or what "real-world use" entails.  *See generally id.*  Plaintiffs only allege that they used the Coolers "for events including picnics, barbecues, recitals, trips to the beach, family getaways and/or holidays." *Id.* ¶ 62.

Plaintiffs concede that the Coolers have an express limited warranty from the date of original retail purchase that it will be free from defects in material and workmanship.  *Id.* ¶ 82.  But the Complaint fails to allege any defects in material or workmanship.  *See generally id.*  Similarly, Plaintiffs allege that Coleman was provided with notice "of its breach of express written warranties through hundreds of consumer warranty claims and customer complaints" (*id.* ¶ 89), but fail to allege that they themselves put Coleman on notice of their particular claims with respect to the Coolers they purchased (*see generally id.*).

Plaintiffs allege that, had they known about the alleged misrepresentations and omissions regarding the Coolers' ice retention, they "would not have purchased" the products.  *Id.* ¶¶ 44, 64, 79, 103, 106.  Nevertheless, they later allege, in conclusory fashion, that they "would purchase the coolers again if they were able to rely on the truthfulness of their representations." *Id.* ¶ 65.  They also allege that Coleman's "fraudulent intent is evinced by its failure to accurately disclose the issues … when it knew not doing so would mislead consumers." *Id.* ¶ 105.

Based on the foregoing, Plaintiffs assert claims on behalf of a putative New York class, and seek declaratory, injunctive, and compensatory relief.

## **ARGUMENT**

Plaintiffs fail to state a claim upon which relief can be granted for any of their causes of action.  To survive a motion to dismiss under 12(b)(6), "a complaint must contain sufficient factual

- 4 -

matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is facially plausible when a plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id*.  Legal conclusions, "formulaic recitation[s]" of a claim's elements, and "naked assertion[s]" of liability are all insufficient to state a claim.  *Id*.  Plaintiffs' allegations in this case fall short of this pleading standard and fail to make out a *prima facie* case for any of their causes of action as a matter of law.

Plaintiffs also have failed to establish that they have constitutional standing either to obtain injunctive relief or to represent a class of consumers for cooler models that they never purchased.  Rule 12(b)(1) requires dismissal for lack of subject-matter jurisdiction when a plaintiff does not have standing to assert their claims.  "Each element [of standing] must be supported in the same way as any other matter on which the plaintiff bears the burden of proof, *i.e.*, with the manner and degree of evidence required at the successive stages of the litigation."  *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992).  A Rule 12(b)(1) motion to dismiss must be granted unless the plaintiff alleges sufficient facts to plausibly satisfy the standing requirements of Article III of the U.S. Constitution.  *Id.* at 560-61.  Plaintiffs here have failed to plead any such facts.

I.    **PLAINTIFFS FAIL TO STATE A CLAIM UNDER THE NYGBL.**

A.    **Plaintiffs' NYGBL Claims Should Be Dismissed Because They Fail to Allege That They Saw the Purportedly Misleading Statements Before Purchasing the Coolers.**

Claims under the NYGBL require facts illustrating "a causal connection between some injury to plaintiffs and some misrepresentation made by defendants."  *Oden v. Boston Scientific Corp.*, 330 F. Supp. 3d 877, 902 (E.D.N.Y. 2018), *adhered to on reconsideration*, No. 18CV0334SJFSIL, 2019 WL 1118052, at *3 (E.D.N.Y. Mar. 11, 2019).  To properly allege causation, "a plaintiff must state in his complaint that he has seen the misleading statements of

which he complains before he came into possession of the products he purchased." *Id.* (citing *Goldemberg v. Johnson & Johnson Consumer Cos., Inc.*, 8 F.Supp.3d 467, 480 (S.D.N.Y. 2014)).

Plaintiffs here fail to satisfy this requirement. While they generally set forth statements contained on certain Coleman coolers (FAC ¶¶ 4-5), Plaintiffs do not allege that they actually saw or were aware of any statement on the Coolers before purchasing them. *See generally id.* Further, even if Plaintiffs did see these statements, they fail to specify where, when, and how they came to view them. *Oden*, 330 F. Supp. 3d at 902. In other words, "the relevant factual background … is lacking." *Id.* Accordingly, Plaintiffs' claim under NYGBL fails and must be dismissed. *See Troncoso v. TGI Friday's Inc.*, No. 19 CIV. 2735 (KPF), 2020 WL 3051020, at *8 n.7 (S.D.N.Y. June 8, 2020) (a plaintiff "must allege that she saw the misleading statement of which she complains before she purchased or came into possession" of the product in order to plead claim under the NYGBL); *Oden*, 330 F. Supp. 3d at 902 (dismissing plaintiff's claims under the NYGBL for failure to sufficiently plead causation).

### B. Plaintiff Zachmann's NYGBL Claim Fails Because He Purchased the Cooler in Connecticut.

Plaintiff Zachmann also fails to state a claim under the NYGBL because he admits that he purchased the Cooler in Connecticut, and fails to plead that he viewed the allegedly deceptive statement on the Cooler while in New York. FAC ¶ 58. The New York Court of Appeals has held that, in order to fall under the purview of the NYGBL, "the transaction in which the consumer is deceived must occur in New York." *Goshen v. Mutual Life Ins. Co. of New York*, 98 N.Y.2d 314, 324-24 (N.Y. 2002) (NYGBL "unambiguously evinces legislative intent to address commercial misconduct occurring within New York"). Indeed, both Sections 349 and 350 explicitly address conduct "in this state" to create the territoriality requirement. N.Y. Gen. Bus. §§ 349(a), 350. Thus, to satisfy the territoriality requirement and plead a claim under the NYGBL, a plaintiff must

allege "that the deceptive transaction occurred in New York."  *Baker-Rhett v. Aspiro AB*, 324 F. Supp. 3d 407, 416 (S.D.N.Y. 2018) (citing *4 K & D Corp. v. Concierge Auctions, LLC*, 2 F. Supp. 3d 525, 547 (S.D.N.Y. 2014).

For NYGBL purposes, the mere fact that a plaintiff resides in New York is not determinative.  *Goshan*, 98 N.Y.2d at 325 ("[W]e note that [the NYGBL] analysis does not turn on the residency of the parties.  As both the text of the statute and the history suggest, the intent is to protect consumers in their transactions that take place in New York State."); *see also Fishin v. Peloton Interactive, Inc.*, No. 19-cv-11711 (LJL), 2020 WL 6564755, at *13 (S.D.N.Y. Nov. 9, 2020) ("The *Goshen* court held definitively that application of the statutes did not turn on 'the residency of the parties ….'"); *Horn v. Medical Marijuana, Inc.*, 383 F. Supp. 3d 114, 128 (W.D.N.Y. 2019) (quoting *Goshen* to explain NYGBL does not "protect residents solely on the basis of their residency; they are intended to police consumer transaction that 'take place in New York State.'").  In *Horn*, for example, the court granted summary judgment to the defendant on NYGBL claims even though it shipped products to the plaintiffs' New York address and its advertising was available to consumers in New York.  383 F. Supp. 3d at 128.  The key inquiry was **where** the alleged deception took place, and the court found that it was undisputed to have occurred outside of New York.  *Id.*

After *Goshen*, courts have developed two different tests to evaluate whether the NYGBL's territoriality requirement is met.  *See Cruz v. FXDirectDealer, LLC*, 720 F.3d 115, 123 (2d Cir. 2013).  The first test "focus[es] on where the underlying deceptive 'transaction' takes place, regardless of the plaintiff's location or where the plaintiff is deceived."  *Id.* (*citing Morrisey v. Nextel Partners, Inc.*, 72 A.D.3d 209, 216 (3d Dept. 2010) and *Gotlin v. Lederman*, 483 Fed. Appx.

583, 588 fn. 2 (2d Cir. 2012)).  Plaintiff obviously cannot state a claim under this line of cases because he explicitly pleads that he purchased the Cooler in Connecticut.  FAC ¶ 58.

In the other line of cases, courts focus on "where the deception of the plaintiff occurs and require … *that a plaintiff actually view a deceptive statement while in New York*."  *Cruz*, 720 F.3d at 123 (*citing Kaufman v. Sirius XM Radio, Inc.*, 474 Fed. Appx. 5, 7-8 (2d Cir. 2012)) (emphasis added).  In *Kaufman*, the Second Circuit held that "*Goshen* similarly forecloses plaintiffs' reliance on allegations that deceptive terms and conditions were published on a website controlled from New York, when there is no further allegation of plaintiffs' receipt of this information in New York."  474 Fed. Appx. at 7-8.

Plaintiff Zachmann alleged in the original Complaint that he "was exposed to Defendant's '5 Day Ice' claim by reading the labeling *on the ice cooler* prior to the purchase" at the Walmart in Connecticut.  Compl. ¶¶ 10-11 (emphasis added).  In other words, he admitted that he saw the allegedly deceptive information in Connecticut, not New York.  In the First Amended Complaint Plaintiff Zachmann has tried to rectify this inherent flaw by *removing* any allegation about where he viewed any statement or claim about his Cooler.  As explained in Part I(A), this pleading void is fatal to his NYGBL claim on its own.  Further, Plaintiff Zachmann cannot unring the bell of his express admission in the original complaint that all information about the Cooler was viewed in Connecticut.  Thus, Plaintiff Zachmann has not pled, because he cannot, that he viewed the allegedly deceptive statement on the Cooler while in New York.  Nor can his allegation that he "*used* the cooler[] throughout New York" somehow salvage his claim.  FAC ¶ 62 (emphasis added).  For NYGBL purposes, the mere fact that a plaintiff uses a product in New York is not determinative.  The central inquiry is where a plaintiff *views* an allegedly deceptive statement—which was in Connecticut.  Compl. ¶¶ 10-11; *Cruz*, 720 F.3d at 123 (*citing Kaufman*, 474 Fed. Appx. at 7-8).

Plaintiff Zachmann simply cannot meet the territoriality requirements to bring a claim under the NYGBL.  The scanty facts he has pled in the First Amended Complaint link his *transaction* to Connecticut, not New York (FAC ¶ 58).  The Court accordingly should dismiss Plaintiff Zachmann's NYGBL claim.

## II.   PLAINTIFFS' BREACH OF EXPRESS WARRANTY AND MAGNUSON-MOSS WARRANTY ACT CLAIMS FAIL

### A.   Plaintiffs' Express Warranty Claim Should Be Dismissed Because They Fail to Allege Defects in Materials or Workmanship.

Plaintiffs allege the express warranty that Coleman included with the Coolers:

> "**Your product must be under warranty in order to obtain warranty service**.
> Coleman® products have a limited warranty from the date of original retail purchase
> that the product *will be free from defects in material and workmanship*.  The length
> of the limited warranty may vary by product.  The warranty is valid for the original
> retail purchase from the date of initial retail purchase and is not transferable."

FAC ¶ 82 (bold in original; italics added).  "[A] warranty that protects against defects in materials or workmanship covers manufacturing defects, but not design defects."  *Catalano v. BMW of N. Am., LLC*, 167 F. Supp. 3d 540, 554 (S.D.N.Y. 2016).   "The critical difference between manufacturing defects and design defects is the intention of the manufacturer."  *Miller v. Hyundai Motor Am.*, No. 15-CV-4722 (TPG), 2017 WL 4382339, at *4 (S.D.N.Y. Sept. 29, 2017).  "To assert a manufacturing defect, 'the plaintiff must show that a specific product unit was defective.'"  *Orange Transportation Servs., Inc. v. Volvo Grp. N. Am., LLC*, 450 F. Supp. 3d 311, 318 (W.D.N.Y. 2020) (quoting *Colon ex rel. Molina v. BIC USA, Inc.*, 199 F. Supp. 2d 53, 85 (S.D.N.Y. 2001)).

Notwithstanding the explicit language of the warranty quoted in the First Amended Complaint, Plaintiffs fail to allege that the Coolers (or any other Coleman products) were defective in materials or workmanship.  Plaintiffs instead appear to allege that the Products are inherently

Case 7:20-cv-09146-VB   Document 17   Filed 05/10/21   Page 18 of 28

defective.[1]  Because Plaintiffs have not alleged any defect that actually is covered by the warranty, however, the breach of express warranty claim should be dismissed.  *See Haag v. Hyundai Motor Am.*, 294 F. Supp. 3d 102, 105 (W.D.N.Y. 2018) ("where a plaintiff … relies on allegations and/or evidence that the claimed defects are common to an entire class of [products] based on their design, rather than the result of an error in the manufacturing process … the plaintiff cannot prevail on an express warranty claim concerning materials and workmanship").

### B.    Plaintiffs Failed to Provide Timely Pre-Suit Notice to Coleman.

To state a claim for breach of express warranty under New York law, a buyer must provide a seller with timely notice of an alleged breach of warranty.  N.Y. U.C.C. Law § 2-607(3)(a); *Lugones v. Pete & Gerry's Organic, LLC*, 440 F. Supp. 3d 226, 244-45 (S.D.N.Y. 2020).  Plaintiffs have not pled that they provided any notice to Coleman of their breach of warranty claim.  Instead, they allege that Coleman "was provided with notice, and has been on notice, of its breach of express written warranties through … consumer warranty claims and customer complaints."  FAC ¶ 89.  However, the fact that a defendant may have been aware of a similar claim does not put defendant on notice *of a plaintiff's particular claim*.  *Singleton v. Fifth Generation, Inc.*, No. 515CV474BKSTWD, 2016 WL 406295, at *12 (N.D.N.Y. Jan. 12, 2016) ("[T]he fact that Defendant may have been aware of similar claims involving [the labels] did not put Defendant on notice of Plaintiff's particular claims.  As the buyer of the [product] in this case, Plaintiff was required to inform Defendant, within a reasonable time, of the alleged breach involving his own purchase.").  Plaintiffs cannot meet this requirement by alleging some vague "notice" that they did not provide and that does not concern Plaintiffs' particular Coolers.

---

[1]      The original complaint alleged (at ¶ 80) that Coleman's coolers are "inherently defective."

New York law is clear:  Plaintiffs' failure to allege that they provided notice to Coleman requires dismissal of their breach of express warranty claim.  *See Quinn v. Walgreen Co.,* 958 F. Supp. 2d 533, 544 (S.D.N.Y. 2013) (dismissing breach of warranty claims for failure to allege timely notice); *In re Frito-Lay N. Am., Inc. All Nat. Litig.*, No. 12-MD-2413 RRM RLM, 2013 WL 4647512, at *21 (E.D.N.Y. Aug. 29, 2013) (same); *Hubbard v. Gen, Motors Corp.*, No. 95 Civ. 4362, 1996 WL 274018, at *5 (S.D.N.Y. May 22, 1996) ("Complaint lacks any allegations that plaintiff notified the seller of the claimed defect.  Accordingly, the Court grants defendant's motion to dismiss plaintiff's claims for breach of … warranty for failure to allege notice.").

### C.    Plaintiffs' Magnuson-Moss Warranty Act Claim Fails For the Same Reasons As Their State Law Express Warranty Claim.

The Magnuson-Moss Warranty Act ("MMWA") "incorporates and federalizes state-law breach of warranty claims, including state-law standards for liability and damages."  *Cosgrove v. Oregon Chai, Inc.*, No. 19 CIV. 10686 (KPF), 2021 WL 706227, at *16 (S.D.N.Y. Feb. 21, 2021) (citing *Ebin v. Kangadis Food Inc.*, No. 13 CIV. 2311 JSR, 2013 WL 6504547, at *3 (S.D.N.Y. Dec. 11, 2013)) (internal citations omitted).  In other words, the MMWA does not create any additional bases for liability, but rather "allows consumers to recover damages under existing state law."  *See Diaz v. Paragon Motors of Woodside, Inc.*, 424 F. Supp. 2d 519, 540 (E.D.N.Y. 2006).

Here, Plaintiffs premise their MMWA claim on the same theory as their state law breach of express warranty claim.  FAC ¶¶ 80-90.  Accordingly, Plaintiffs' MMWA claim fails for the same reasons set forth above that their state-law breach of express warranty claim fails.  *Garcia v. Chrysler Gr. LLC*, 127 F. Supp. 3d 212, 232 (S.D.N.Y. 2015) ("To state a claim under the MMWA, plaintiffs must adequately plead a cause of action for breach of written or implied warranty under state law.").  Thus, Plaintiffs' MMWA claim must be dismissed.

III.    **PLAINTIFFS LACKED PRIVITY WITH COLEMAN TO SUSTAIN A BREACH OF IMPLIED WARRANTY CLAIM**

Under New York law, a claim for economic loss based on breach of an implied warranty of merchantability "requires a showing of privity between the manufacturer and the plaintiff." *Ebin*, 2013 WL 6504547, at *6; *Lexow & Jenkins, P.C. v. Hertz Commercial Leasing Corp.*, 122 A.D.2d 25, 26 (N.Y. Supr. Ct. App. Div. 1989) ("It is now settled that no implied warranty will extend from a manufacturer to a remote purchaser not in privity with the manufacturer where only economic loss and not personal injury is alleged[.]"); *see also In re Scotts EZ Seed Litig.*, No. 12-CV-4727, 2013 WL 2303727, at *8 (S.D.N.Y. May 22, 2013) ("courts have expressed a policy against holding manufacturers liable to end-consumers under a theory of implied warranty where the parties are not in privity").

Plaintiffs here purchased their Coolers from Walmart and Home Depot.  FAC ¶¶ 58-59. They thus cannot claim privity with Coleman, and their implied warranty cause of action should be dismissed.  *See Cosgrove v. Oregon Chai, Inc.*, No. 19 CIV 10686 (KPF), 2021 WL 706227, at *16 (S.D.N.Y. Feb. 21, 2021) (dismissing implied warranty of merchantability claim for lack of privity where plaintiffs acknowledged that they did not obtain the product directly from the defendant); *Colangelo v. Champion Petfoods USA, Inc.*, No. 618CV1228LEKML, 2020 WL 777462, slip op. at *12 (N.D.N.Y. Feb. 18, 2020) (dismissing implied warranty of merchantability claim for lack of privity where plaintiff purchased the product from third-party retailer).

IV.    **PLAINTIFFS FAIL TO PLEAD A SPECIAL RELATIONSHIP WITH COLEMAN TO SUPPORT THEIR NEGLIGENT MISREPRESENTATION CLAIM.**

Plaintiffs' negligent misrepresentation cause of action fails because Plaintiffs do not, and cannot, allege that Coleman "had a duty, as a result of a special relationship, to give correct information" to them.  *Anschutz Corp. v. Merrill Lynch & Co.*, 690 F.3d 98, 114 (2d Cir. 2012). To plead a special relationship sufficient to sustain a negligent misrepresentation claim, a plaintiff

must allege a relationship of trust or confidence akin to a privity-like relationship. *Stewart v. Jackson & Nash*, 976 F.2d 86, 90 (2d Cir. 1992); *AHW Inv. P'ship v. Citigroup Inc.*, 980 F. Supp. 2d 510, 524 (S.D.N.Y. 2013), *aff'd sub nom. AHW Inv. P'ship, MFS, Inc. v. Citigroup Inc.*, 661 F. App'x 2 (2d Cir. 2016); *Ossining Union Free School Dist. v. Anderson LaRocca Anderson*, 73 N.Y.2d 417, 419 (N.Y. 1989) (negligent misrepresentation requires "that the underlying relationship between the parties be one of contract or the bond between them so close as to be the functional equivalent of contractual privity").

Here, because Plaintiffs purchased the Product from third-party retailers, they lack *any* relationship with Coleman.[2]  FAC ¶¶ 58-59.  Coleman's status as the manufacturer of the products alone is insufficient to establish a special relationship. *See Stoltz v. Fage Dairy Processing Indus., S.A.*, No. 14-CV-3826 MKB, 2015 WL 5579872, at \*25 (E.D.N.Y. Sept. 22, 2015) (finding no special relationship with defendant manufacturer).  Further, a claim of negligent misrepresentation is not permitted where, as here, the plaintiffs and the putative class are members of a mass audience of consumers, with no direct relationship to the defendant. *See Barreto v. Westbrae Nat., Inc.*, No. 19-CV-9677 (PKC), 2021 WL 76331, at \*7 (S.D.N.Y. Jan. 7, 2021) ("To plead a special relationship, plaintiffs must show they were a known party or parties ….  Being one of a class of potential recipients of a statement will not suffice.") (quotation marks omitted).

The Second Circuit previously has held that a sparsely pled special relationship "is not fatal to a claim for negligent misrepresentation where the complaint *emphatically alleges* … the person

---

[2]      Even if Plaintiffs purchased the product directly from Coleman (they did not), to establish the existence of a special relationship in the commercial context, plaintiffs must show a closer degree of trust between the parties than that of the ordinary buyer and seller. *Chandra Campbell v. Whole Foods Market Group, Inc.*, No. 1:20-CV-01291-GHW, 2021 WL 355405, at \*12 (S.D.N.Y. Feb. 2, 2021) (dismissing negligent misrepresentation claim involving a basic commercial transaction because it did not give rise to a special relationship).

making the representation holds 'unique or special expertise' and … [is] 'aware of the use to which the information would be put and supplied it for that purpose.'" *Barreto v. Westbrae Nat., Inc.*, No. 19-cv-9677, 2021 WL 76331, at *7 (citing *Eternity Glob. Master Fund Ltd. v. Morgan Guar. Tr. Co. of N.Y.*, 375 F.3d 168, 188 (2d Cir. 2004)) (emphasis added).  Plaintiffs thus attempt to satisfy the special relationship requirement by alleging that Coleman held "itself out as having special knowledge and experience in the sale of coolers."  FAC ¶ 100.  But this bare-bones assertion fails to "emphatically allege" facts that might show that Coleman has "unique or special expertise" to support the existence of a duty.  *See Campbell*, 2021 WL 355405, at *11 n. 8 (S.D.N.Y. Feb. 2, 2021) (disregarding conclusory allegation that "duty is based on defendant's position as an entity which has held itself out as having special knowledge and experience in the production, service and/ or sale of the product or service type").  And, of course, Plaintiffs fail to plead anything at all with respect to the second factor—Coleman's awareness of the use to which the information would be put.  Where, as here, "a special relationship is ***nowhere*** pled and the allegations with respect to the other [two] factors are soft, a claim for negligent misrepresentation fails." *Barreto*, 2021 WL 76331, at *7 (emphasis added) (internal quotation marks omitted).

Plaintiffs' negligent misrepresentation claim therefore should be dismissed for failure to plead a special relationship with Coleman.  *See Segedie v. Hain Celestial Grp., Inc.*, No. 14-cv-5029 (NSR), 2015 WL 2168374, at *14 (S.D.N.Y. May 7, 2015) (dismissing negligent misrepresentation claim for failure to plead any cognizable special relationship).

## V.    PLAINTIFFS FAIL TO PLEAD FRAUD WITH PARTICULARITY.

The Court should dismiss Plaintiffs' common law fraud cause of action because their boilerplate and conclusory allegations do not meet the heightened pleading standard required under Rule 9(b) to sustain such a claim.  "To state a claim for fraud under New York law, a plaintiff must allege (1) a material misrepresentation or omission of fact; (2) which the defendant knew to be

false; (3) which the defendant made with the intent to defraud; (4) upon which the plaintiff reasonably relied; and (5) which caused injury to the plaintiff." *Fin. Guar. Ins. Co. v. Putnam Advisory Co., LLC*, 783 F.3d 395, 402–03 (2d Cir. 2015).  In federal court, Rule 9(b) requires a plaintiff to plead fraud with particularity.  *Id.; Barreto*, 2021 WL 76331, at *7.  While a plaintiff may allege scienter generally, "the Second Circuit has repeatedly required plaintiffs to plead the factual basis which gives rise to ***a strong inference*** of fraudulent intent."  *Id.* (*citing United States ex rel. Tessler v. City of New York*, 712 Fed. Appx. 27, 29 (2d Cir. 2017)) (emphasis added).

Here, Plaintiffs fail to establish the fourth element of a fraud claim under New York law because they do not allege that they reasonably relied on Coleman's alleged misrepresentations and/or omissions in purchasing the Coolers.  Further, the First Amended Complaint is devoid of any allegations sufficient to establish a strong inference of fraudulent intent.  Plaintiffs allege only that Coleman's "fraudulent intent is evinced by its failure to accurately disclose the issues … when it knew not doing so would mislead consumers."  FAC ¶ 105.  But such generic and conclusory allegations, unsupported by any particularized facts, are insufficient to plead fraudulent intent.  *See Barreto*, 2021 WL 76331, at *2 (dismissing fraud claim because complaint contained only conclusory allegations of fraudulent intent).

Similarly, alleging knowledge that a statement is incorrect or that it would mislead consumers (which Coleman does not admit here) is insufficient to plead fraudulent ***intent***.  *See Dashnau v. Unilever Mfg. (US), Inc.*, No. 19-CV-10102 (KMK), 2021 WL 1163716, at *9 (S.D.N.Y. Mar. 26, 2021) ("Plaintiffs' fraud claim must be dismissed for failure to plead facts that 'give[] rise to a strong inference of fraudulent intent' …. [where] Plaintiffs allege in conclusory fashion that 'Defendant's fraudulent intent is evinced by its failure to accurately identify the products on the front labels, when it knew its statements were neither true nor accurate and could

mislead consumers"); *Campbell v. Whole Foods Market Group, Inc.*, No. 1:20-cv-01291-GHW, 2021 WL 355405, at *12 (S.D.N.Y. Feb. 2, 2021) (dismissing fraud claim where "Plaintiff's only allegation about Defendant's intent is that 'Defendant's fraudulent intent is evinced by its failure to accurately identify the Products on the front label when it knew this was not true'").  Nor are allegations of a generalized motive to increase sales and profits—such as Plaintiff's claim that Coleman reaped "additional profits at the expense of consumers" (FAC ¶ 41)—sufficient to plead fraudulent intent.  *See In re Frito-Lay N. Am., Inc. All Nat. Litig.*, No. 12-MD-2413, 2013 WL 4647512, at *25 (generalized motive to satisfy consumers' desires and increase sales and profits does not support a strong inference of fraudulent intent).

Plaintiffs have pled only generic and conclusory facts in support of their cause of action for fraud.  This is insufficient under Rule 9(b), so the Court should dismiss this claim.

## VI.   PLAINTIFFS' CLAIM FOR UNJUST ENRICHMENT SHOULD BE DISMISSED AS DUPLICATIVE OF ALL OTHER CLAIMS

Plaintiffs cannot sustain an equitable claim for unjust enrichment when it merely duplicates their other causes of action in contract and tort.  Under New York law, "unjust enrichment is available only in unusual situations when, though the defendant has not breached a contract nor committed a recognized tort, circumstances create an equitable obligation running from the defendant to the plaintiff."  *Barreto*, 2021 WL 76331, at *8 (*citing Corsello v. Verizon New York, Inc.*, 18 N.Y.3d 777, 790 (2012)) (internal quotations omitted).  This claim is "not available where it simply duplicates, or replaces, a conventional contract or tort claim."  *Wedra v. Cree, Inc.*, No. 19 CV 3162 (VB), 2020 WL 1322887, at *11 (S.D.N.Y. Mar. 20, 2020) (*citing Corsello*, 18 N.Y.3d at 790).  Further, unjust enrichment cannot serve as a backstop to remedy the other claims' defects.  *Hesse v. Godiva Chocolatier, Inc.*, 463 F. Supp. 3d 453, 473-74 (S.D.N.Y. 2020).

Here, Plaintiffs fail to distinguish their unjust enrichment claim from their other causes of action. FAC ¶¶ 107-108. Thus, the claim is duplicative and should be dismissed. *See Hesse*, 463 F. Supp. 3d at 473–74 (dismissing unjust enrichment claim relying on the same factual allegations and the same theory of liability as other claims); *Wedra*, 2020 WL 1322887, at *11 (dismissing unjust enrichment claim as duplicative of other claims rooted in statutory, contract, and tort law); *Alce v. Wise Foods, Inc.*, No. 17 CIV. 2402 (NRB), 2018 WL 1737750, at *11 (S.D.N.Y. Mar. 27, 2018) (dismissing unjust enrichment claim as duplicative of tort and NYGBL claims).

## VII.   PLAINTIFFS' CLAIMS FOR INJUNCTIVE RELIEF AND THOSE RELATED TO PRODUCTS THEY DID NOT PURCHASE MUST BE DISMISSED UNDER RULE 12(B)(1) BECAUSE THEY LACK STANDING.

### A.   Plaintiffs Lack Article III Standing to Seek Injunctive Relief Because They Cannot Show an Actual and Imminent Future Injury.

It is well-settled that a plaintiff must show three elements to establish standing: injury in fact, causation, and redressability. *Cachillo v. Insmed, Inc.*, 638 F.3d 401, 404 (2d Cir. 2011). "A plaintiff seeking to represent a class must personally have standing" to pursue "***each form*** of relief sought." *Barreto*, 2021 WL 76331, at *9 (*citing Nicosia v. Amazon.com, Inc.*, 834 F.3d 220, 239 (2d Cir. 2016) (citations omitted)) (emphasis added). In addition to these elements, when seeking injunctive relief, the plaintiff ***also*** must establish a "real or immediate threat that the plaintiff will be wronged again." *Id.* "Past injuries … do not confer standing to seek injunctive relief unless the plaintiff can demonstrate that [he] is likely to be harmed again in the future in a similar way." *Id.* (*citing Nicosia*, 834 F.3d at 239).

Here, Plaintiffs allege that, had they known about the supposed misrepresentations and omissions with respect to the Coolers, they "would not have purchased the Products." FAC ¶¶ 44, 64, 79, 103, 106. This retrospective allegation concedes that Plaintiffs do not intend to purchase Coleman coolers in the future. *See DaCorta v. AM Retail Grp., Inc.,* No. 16-CV-01748 (NSR),

2018 WL 557909, at *4 (S.D.N.Y. Jan. 23, 2018) ("claim that [plaintiff] would not have purchased the [product] but for [defendant's] misrepresentations … is effectively a concession that [plaintiff] does not intend to purchase the product in the future.") (citations omitted).

Plaintiffs then allege that they "would purchase the coolers again if they were able to rely on the truthfulness of their representations regarding their ability to retain ice and keep food and beverages cold." FAC ¶ 65. However, this is a hypothetical injury that is insufficient to establish standing. *See Barreto*, 2021 WL 76331, at *7 (contentions that plaintiff would purchase product in the future if she could trust the label are insufficient to confer standing); *Hesse*, 463 F. Supp. 3d at 466 (allegation that "***if*** [plaintiffs] choose to purchase [the product] in the future, ***then*** they ***may*** be harmed" is hypothetical and insufficient to establish standing) (emphasis added).

Plaintiffs cannot plausibly claim that they will purchase Coleman coolers again based on the knowledge that they now have. "As many courts have explained, because a plaintiff in a false advertisement case has ***necessarily*** become aware of the alleged misrepresentations, there is no danger that they will again be deceived by them." *Hesse*, 463 F. Supp. 3d at 465 (citing *Elkind v. Revlon Consumer Prods. Corp.*, No. 14-cv-2484, 2015 WL 2344134, at *3 (E.D.N.Y. May 14, 2015)) (emphasis added and quotations omitted).

Plaintiffs thus can show no real or immediate threat of future injury sufficient to confer standing. The Court therefore should dismiss Plaintiffs' claims seeking injunctive relief.

### B.    Plaintiffs Lack Standing to Assert Claims Relating to Products They Did Not Purchase

Plaintiffs make broad assertions regarding myriad Coleman coolers with various labels and features that they did not purchase. *See, e.g.*, FAC ¶¶ 5, 55, 56. They seek to represent a class of "all purchasers" of any Coleman coolers in New York. FAC ¶ 66. Plaintiffs cannot, however, establish standing to represent a class of purchasers of this wide array of dissimilar products. The

Second Circuit has held that "a plaintiff has class standing if he plausibly alleges (1) that he personally has suffered some actual … injury as a result of the putatively illegal conduct of the defendant" and "(2) such conduct implicates the same set of concerns as the conduct alleged to have caused injury to other members of the putative class by the same defendants." *NECA-IBEW Health & Welfare Fund v. Goldman Sachs & Co.*, 693 F.3d 145, 162 (2d Cir. 2012). In the context of misrepresentation claims, "whether the conduct implicated the same set of concerns for distinct sets of plaintiffs … will depend on the nature and content of the specific misrepresentation alleged." *Id.*

In *Dimuro v. Clinique Labs., LLC*, 527 Fed. Appx. 27, 29 (2d Cir. 2014), the plaintiffs asserted claims arising out of the defendant's marketing of seven different products sold under the same product line despite having only purchased three of them. The Second Circuit affirmed the dismissal of those claims, holding that "each of the seven different products have different ingredients, and [the defendant] made different advertising claims for each product," so "[e]ntirely unique evidence will … be required to prove that the … advertising statements for each of the seven … products are false and misleading." *Id.*

The same is true here. The First Amended Complaint alleges a wide range of Coleman coolers that have different features and disclaimers. Indeed, Plaintiffs concede that some of the Coleman coolers contain disclaimers such as "Ice Storage at 90 degrees Fahrenheit," while others do not. FAC ¶ 5. While they all may be coolers sold under the Coleman brand name, they are not the same product and do not feature the same advertising and marketing statements. Plaintiffs thus lack standing to assert claims regarding Coleman coolers that they did not purchase. Accordingly, Plaintiff's claims arising from coolers that do not contain the same labels and disclaimers as the Coolers they purchased should be dismissed for lack of standing. *See Hart v. BHH, LLC*, No.

15CV4804, 2016 WL 2642228, at *3 (S.D.N.Y. May 5, 2016) (applying *Dimuro* and dismissing claims concerning products plaintiff did not purchase).[3]

## <u>CONCLUSION</u>

For the foregoing reasons, Plaintiffs' First Amended Complaint should be dismissed in its entirety for failure to state a claim under Rule 12(b)(6).  In addition, Plaintiffs' claims for injunctive relief and to represent a class of purchasers of products they did not own should be dismissed for lack of subject-matter jurisdiction under Rule 12(b)(1).

Dated:     May 10, 2021

Respectfully submitted,

**SCHIFF HARDIN LLP**

By: /s/ Brett F. Clements _____

Brett F. Clements (BC6262)
Jeffrey D. Skinner *(pro hac vice forthcoming)*
901 K Street NW, Suite 700
Washington, DC 20001
Telephone:   202.778.6400
Facsimile:    202.778.6460
bclements@schiffhardin.com
jskinner@schiffhardin.com

*Attorneys for Defendant Coleman Company, Inc.*

---

[3]     Plaintiffs' First Amended Complaint never identifies the exact model or even the capacity of the Coolers that Plaintiffs purchased.